No. 104.—LOYD & PULLIAM, plaintiffs in error, *vs.* WIGHT, GRIFFETH & Co. defendants in error.

[1.] If A, of one place, order goods from B of another place, and says nothing as to the mode of delivery, and B deliver the goods to a common carrier to be carried to A, and the goods are lost, this does not amount to a delivery of the goods to A—not, at least, unless there be a usage between the two places, that this shall amount to a delivery of the goods to him.

Complaint, from Fulton Superior Court. Tried before Judge BULL, April Term, 1856.

This was an action of complaint brought by the defendants in error against the plaintiffs in error, for the recovery of

Loyd & Pulliam *vs.* Wight, Griffeth & Co.

$120 for a lot of cigars, alleged to have been sold and delivered by them to the defendants in the Court below.

The defendants pleaded the general issue and the Statute of Frauds.

It appeared in evidence that in January, 185–, the defendants gave the plaintiffs a verbal order, in the city of Atlanta, to send them from Baltimore a lot of cigars. The cigars were accordingly, in February following, shipped in Baltimore on board of a schooner bound for Charleston, S. C. It did not appear that the defendants ever received the cigars, or that the defendants gave any instructions as to the manner in which the cigars were to be sent.

Counsel for the defendants moved the Court to dismiss the case, on the ground that the contract was within the 17th section of the Statute of Frauds. The Court over-ruled the motion, and Counsel for defendants excepted.

Counsel for defendants requested the Court to charge the Jury, " That before the plaintiff could recover, he must show by proof that the plaintiffs had sent the cigars in the usual and customary manner in which goods were sent from Baltimore to Atlanta." Which charge the Court refused to give, but did charge the Jury, " That in an action for goods sold and delivered, the burden of proving the sale and delivery is on the plaintiff; that when goods are ordered and they are shipped according to the order of defendant, that it is tantamount to a delivery, and if lost on the way, it is the loss of the defendants ; that when goods are ordered to be shipped in a particular manner, they must be shipped as directed, or the defendant would not be liable if they are lost. Where no directions are given as to the mode of shipment, the law presumes that the defendant intended to leave that to the discretion of the plaintiff, and in the absence of proof to the contrary, when it is proved that the goods were shipped, the law presumes that they were shipped in the usual manner of shipping goods."

To which charge and refusal to charge, Counsel for defendants excepted.

GARTRELL & GLENN, for plaintiffs.

COOPER, for defendants.

*By the Court.*—BENNING, J. delivering the opinion.

[1.] The charge of the Court seems to amount to this: That if A, of one place, order goods from B, of another place, and say nothing as to the mode of their delivery, and B deliver the goods to a common carrier to be carried to A, he, in law, delivers the goods to A himself; and if they are lost by the carriers, he can make A pay for them.

Amounting to this, was the charge right?

We think not. We think that such a *delivery* did not amount to a delivery to the purchaser. "The traveller of M, a tradesman residing in London, verbally ordered goods for M of plaintiff, a manufacturer at Paisley. No order was given, as to sending the goods. Plaintiff gave them to defendant, a carrier, directed to M to be taken to him, and also sent an invoice by post to M, who received it. The goods having been lost by defendant's negligence, and not delivered to M: *Held*, that defendant was liable to plaintiff."

This is the head note of *Coats and another vs. Chaplin and another*, (3 *Adolph & Co. N. S.* 483.)

PATTERSON, J. said: "If the consignees had selected a particular carrier, it would have made a difference. Perhaps if they had ordered that the goods should be sent by "some carrier," the delivery to any carrier *might* have constituted a delivery to the consignees. But I do not see how the mere order can have the effect contended for. Morrisson, Dillon & Co. might have waited, or might, themselves, have sent for the goods. I do not see how delivery by a consignor, of his own accord, to a carrier can be a delivery to the consignee. Therefore, I think that the consignors here may maintain the action."

WILLIAMS, J. said: "I cannot find any instance in which

the right has been held to pass to the consignee, where he has not expressly directed the sending by some particular conveyance, or, at least, the sending by some conveyance or other. Here, there was merely an order for the goods. There is no evidence that anything was either said or implied as to the sending them. The plaintiffs might have waited for further instructions; at any rate, nothing had passed which would give them a right against the consignees. The goods, therefore, were still the property of the consignors."

WIGHTMAN, J. : " To entitle the consignee to bring such an action as this, the property should be in him. At first, I was struck with the apparent applicability of *Dutton vs. Solomonson*, (3 *B. & P*. 582,) which case is more favorable to the defendants than any other cited. But there the vendee seems to have ordered that the goods should be sent by some carrier, though he did not name any one. Here it was not proved that any mode of conveyance was expressly ordered, nor that there was, as in *Hart vs. Sattley*, (3 *Camp*. 528,) any regular course of business between the parties in this respect. The case, therefore, being distinguishable from all those cited, we should be going farther than any authority has yet gone, if we held that the property was here vested in the vendees."

If this decision was right, the charge, in respect to *delivery*, was not right. And we think that this decision was right. (See *Allen vs. Comstock & Bro. at Cassville*, 1855.)

No usage of any kind, as to delivery, was shown in the present case.

But even if the delivery indicated by the Court in its charge would have been a sufficient one, under the general principles of law, to pass the property, it is a serious question whether it would have been so in the face of the 17th section of the Statute of Frauds. But that is a question which we do not decide, because it was not argued by the defendant in error, and because the state of the proof on the trial will

probably be such that it will relieve the case of the need of a decision of the question.

It may not be amiss, however, to refer to some authorities which bear upon the question.

In *Addison on Contracts*, the following propositions are laid down—I add to each the cases cited to support it:

"If there has been no actual delivery of the thing sold, there can have been no acceptance and receipt of it." *Bentall vs. Burn*, (5 *D. & R.* 284.)

"As long as the vendor retains his right of lien for the price over the *whole* commodity sold, there has been no such acceptance and receipt as the Statute requires." (*Maberly vs. Shepherd*, 3 *M. & Se.* 442; *Tempest vs. Fitzgerald*, 3 *B. & Ald.* 684; *Carter vs. Toussaint*, 5 *B. & Ald.* 855; *Smith vs. Sudman*, 9 *B. & C.* 561, 577; *Bill vs. Bament*, 9 *M. & W.* 40.)

"So long, also, as the buyer continues to have a right to object either to the quantum or the quality of the goods, there has been no acceptance and receipt within the meaning of the Statute." *Howe vs. Palmer*, (3 *B. & Ald.* 321.)

"The acceptance and receipt of a carrier or wharfinger, appointed by the purchaser to be the vehicle of transmission to him, are not the acceptance and receipt of the purchaser himself." (*Astey vs. Emery*, 4 *M. & S.* 262; *Hanson vs. Armitage*, 5 *B. & Ald.* 577; *Johnson vs. Dodgson*, 2 *M. & W.* 656; *Neihal vs. Plume*, 1 *C. & P.* 272; *Kent vs. Huskisson*, 3 *B. & P.* 232; *Howe vs. Palmer*, 3 *B. & Ald.* 326; *Jordan vs. Norton*, 4 *M. & W.* 155; *Percival vs. Blake*, 2 *C. & P.* 514; *Elliott vs. Thomas*, 3 *M. & W.* 177; *Phillips vs. Bistotle*, 3 *D. & R.* 822; *Baldey vs. Parker*, 3 *D. & R.* 220; *Belcher vs. Capper*, 5 *Se. N. S.* 315.)

See also the following cases: (*Elmore vs. Stone*, 1 *Taunt.* 458; *Dodsley vs. Varley*, 12 *Ad. & E.* 632; *Edan vs. Dudfield*, 1 *Ad. & E. N. S.* 302; *Chaplin vs. Rogers*, 1 *East.* 191; *Blenkensop vs. Clayton*, 7 *Taunt.* 597.)

A new trial is granted, but the granting of it is put on the exception to the charge.