LLOYD & PULLIAM, plaintiffs in error, vs. WRIGHT, GRIF-FITH & Co., Defendants in error.

So long as the buyer continues to have a right to object either to the quantum or the quality of the goods, there has been no acceptance and receipt within the meaning of the statute.

Complaint, from Fulton county, tried before Judge BULL, October Term, 1857.

An action was brought in the Court below by the defendants in error, against the plaintiffs in error, to recover $120 upon an open account for cigars sold and delivered. To this action

the defendants pleaded, that the contract to pay the $120 (if ever made) was obnoxious to the 17th section of the statute of frauds, no earnest to bind the contract having been given, nor part payment made or note or memorandum entered into.

Upon the trial of this issue the plaintiffs offered in evidence, the testimony of Jacob H. Wright and Edward Hyatt taken by depositions, going to prove the contract. To the reception of this testimony, the defendants objected on the ground that the contract sued on was within the 17th section of the statute of frauds, and the evidence offered *did* not take it out. The Court overruled the objection and admitted the evidence and defendants excepted.

Counsel for the plaintiffs having closed, the defendants, counsel moved the Court to dismiss the case on the ground that the contract sued on, which was an open account for cigars, sold by the plaintiffs, residing in the city of Baltimore, to the defendants, residing in the city of Atlanta, upon a verbal order was void under the 17th section of the statute of frauds. The Court overruled the motion and counsel for the defendants excepted.

The jury found a verdict for the plaintiffs for the amount sued for, and the defendant's counsel filed his bill of exceptions, assigning the above rulings of the Court as error.

GARTRELL & GLENN, for plaintiffs in error.

T. L. COOPER *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

Under the proof, was this case within the 17th section of the statute of frauds ?

The statute requires that the purchaser should " actually receive" the goods. And although goods are forwarded to him by a carrier by his direction, or delivered abroad on board of a ship chartered by him, still there is no actual acceptance

to satisfy the act, so long as the buyer continues to have the right, either to object to the *quantum* or quality of the goods. *Chitty on Contracts,* 392 ; *Story on Contracts,* 381, 382, 383 ; *Acebal vs. Levy,* 10 *Bingham,* 376 ; *How vs. Palmer,* 3 *B. & A.,* 321; *Lloyd & Pulliam vs. Wright, Griffith & Co.,* 20 *Ga. Rep.* 574.

The case of *Dutton,* 3 *Bos. & Pull.* 582; relied on by counsel for defendant in error was a mere question, as to what constituted a good delivery ; the statute of frauds was not in the case. It consequently does not meet the question now presented. The decision there was, that a delivery of goods by the vendor, in behalf of the vendee, to a carrier, not named by the vendee, was a delivery to the vendee. That is, it was a good delivery to bind the contract, but not a sufficient delivery to take the case out of the statute of frauds, which requires, that the goods should be " actually received" to come within the meaning of the statute.

Judgment reversed.