Denmead *vs.* Glass *et al.* ·

## DENMEAD *vs.* GLASS *et al.*

30 65/
d106 95

1. No contract for the sale of goods for the price of ten pounds sterling and upwards, is valid under the 17th section of the Statute of Frauds, except the buyer shall accept part of the goods so sold and actually receive the same or give something in earnest to bind the bargain, or in part of payment, or some note in writing be made of said bargain, signed by the parties to be charged by such contract, or their agents thereto lawfully authorized.

2. A delivery of goods to the railroad is not a delivery to the purchaser, in the purview of the 17th section of the Statute of Frauds ; the railroad not being the agent of the buyer to *"receive and accept"* the same.

Complaint, from Dougherty county. Tried before Judge ALLEN, December Term, 1859.

Edward Denmead brought his action against Glass, Laws & Co., on an account for 150 sacks of superfine flour, sold by plaintiff to defendant in error at $2 50 per sack.

It was proved, on the trial, that Edward Jones, as one of the firm of Glass, Laws & Co., being in Marietta, at the plaintiff's place of business, gave a verbal order for the flour in March, 1858. Defendants resided in Albany, Ga. The flour was shipped by plaintiff at Marietta, on the Western & Atlantic Railroad, to defendants.

The plaintiff having here rested his case, counsel for defendant moved for a non-suit, on the ground that the contract sued on, which was an open account, (for the goods sold) on a verbal order, was void under the 17th section of the Statute of Frauds.

The motion was sustained by the Court, a non-suit awarded, and counsel for plaintiff excepted.

VASON & DAVIS, for plaintiff in error.

SLAUGHTER & ELY, *contra.*

*By the Court.*—LUMPKIN, J., delivering the opinion.

To make a sale of goods, wares and merchandise, for the price of ten pounds sterling or upwards, good, under the

seventeenth section of the Statute of Frauds, the buyer must accept of the part of the goods so sold, and actually receive the same, or give something in earnest to bind the bargain, or in part payment, or some note or memorandum in writing of the said bargain must be made and signed by the parties to be charged by such a contract, or the agents thereto lawfully authorized.

There has been no compliance with the statute in this case. The railroad, by which the flour was shipped, was not the agent of the purchaser, and if the goods were not received and accepted by Glass, Laws & Co., no right of action accrued to the plaintiff. (See *Lloyd & Pulliam vs. Wright, Griffith & Co.*, 20 *Ga. Rep.*, 574.)