### 485. WHOLESALE MERCANTILE CO. *v.* JACKSON.

1. The evidence on the only material point in the case was conflicting, and we have more than once held that in such a case this court can not interfere with the finding of the jury upon the facts.

2. There was no error in giving in charge to the jury the exceptions to the statute of frauds, contained in the Civil Code, §2694, the defendant having pleaded the 7th paragraph of §2693 in defense, and there being evidence to authorize such a charge. The charge on this subject, considered as a whole, is a fair presentation of the principles applicable to the evidence. If there was error in presenting the 3d exception to the jury, the error was harmless to the plaintiff in error.

3. There being evidence in behalf of the plaintiff that he delivered the exact quantity of goods bought, and no dispute as to the quality or price of the goods, it was no error to charge the jury that if they believed the testimony for the plaintiff, the defendant would have no right to reject the goods, nor any reason for inspection. Acceptance follows necessarily on the impossibility of rejecting the goods contracted to be bought, when the goods delivered are in every respect the exact articles purchased.

4. The assignments of error contained in the first, second, fifth, seventh, eighth and ninth grounds of the motion for new trial are not, for any of the reasons assigned, erroneous.

5. The court having more than once instructed the jury that plaintiff's right to recover was dependent upon his compliance with his contract and acceptance of the goods by the buyer, the charge complained of in the fourth ground of the motion was not erroneous and could not be understood by the jury as relieving the plaintiff from compliance with his contract. Even if there had been ambiguity in the charge complained of in the fourth ground, it was relieved by the instruction of which complaint is made in the sixth ground.

6. There is no merit in the seventh ground of the motion for new trial. One can not complain if the court charges the jury in accordance with his own suggestion, although such charge must necessarily be qualified, in order that the jury may be legally instructed.

7. The charge complained of in the tenth ground of the motion was given in compliance with an oral request, and could well have been declined if presented in writing, because the principle involved had already been fully covered in the general charge. If more specific instructions were desired, they should have been requested in writing.

Complaint, from city court of Cartersville—Judge Foute. April 30, 1907.

Submitted October 15,—Decided November 11, 1907.

Jackson brought suit against the Wholesale Mercantile Company to recover the contract price of goods sold and delivered as set forth in the petition. The defendant filed a plea denying the contract of sale as alleged, and claimed that a smaller quantity of the goods were bought. It further pleaded that the alleged contract was within the statute of frauds. The issue was submitted to the jury and a verdict was rendered in favor of the plaintiff, for the full contract price as claimed by him. The Wholesale Mercantile Company assigns error upon the refusal of a new trial. In addition to the general grounds, it insisted, in its motion for a new trial, (1) That the court erred in omitting to clearly state to the jury certain contentions of the defendant, and, by stating the defendant's contentions inaccurately, prejudiced its case before the jury. (2) That the court erred in stating the

contention of the defendant on the subject of the statute of frauds, in that the statement of the defendant's contention under the statute of frauds was too general and indefinite. (3) That the court erred in charging the jury the first and third exceptions to subsection 7 of §2693 of the Civil Code. It is insisted that the first exception to that subsection, as set forth in §2694, and given in charge by the court, was inapplicable, upon the ground that there was no evidence whatever tending to show that the alleged contract of sale had ever been fully executed; and that, therefore, the court's statement of said exception as a rule of law for the guidance of the jury was erroneous and misleading, and calculated to confuse the jury, to the injury of the defendant. Exception is taken to the statement by the court of the third exception, upon the same ground, and further because the court, after charging the jury the third exception, in §2694, failed to instruct the jury as to what the nature, character, and extent of the part performance of said contract of sale must have been, in order that refusal to comply with said contract would be a fraud by the defendant such as to authorize the court to compel it to perform; and it is further contended that the instruction of the court that said exceptions referred to facts which the jury must determine from the evidence, without indicating how such exceptions referred to facts, or what facts were referred to, confused and misled the jury. (4) Error is also assigned upon the following charge: "If the clerk, Hawkins, had no authority to receive the goods, if you believe that the company knew that the fruit was being put into its warehouse and had reason to believe the plaintiff expected pay therefor, you should find for the plaintiff;" defendant insisting that the charge does not limit the jury to the evidence as the basis for the conclusions of fact which may be reached by them, and that mere knowledge of the defendant that the fruit was being put into its warehouse, and reason for belief on defendant's part that plaintiff expected to be paid for it, would not alone suffice to authorize the jury to find for the plaintiff; and that said charge amounted to a direction of a verdict against the defendant. (5) In the 5th ground of the motion it is contended that the court erred in charging the jury that they need not consider the custom as to the amounts generally purchased by the parties, if they found, from the evidence, that plaintiff and defendant had a con-

tract with reference to the fruit, but that the contract would control. (6) In the 6th ground, error is assigned on the following instruction to the jury: "You will consider all the facts incident to this transaction, and whether or not this defendant company knew that these goods were being placed in their warehouse at the time they were; and if you find that they did know this, and that it was being done in pursuance of the contract which the general manager had made with this plaintiff, then the company would be bound; otherwise it would not be bound." It is contended that this made the defendant liable without an inspection or acceptance of the goods, and without regard to the statute of frauds, and also without regard to whether the goods delivered corresponded in quality, aggregate quantity of the whole, or relative quantity of each of the three kinds of goods bargained for. (7) It is insisted that the language of the court in response to an oral request to charge, preferred by the defendant's counsel, contained a strong intimation that allowing the goods to be placed in the warehouse was a waiver of the right to reject them, and amounted to an acceptance, although the clerk who received them had no authority to accept them. (8) The assignment of error in the 8th ground is practically the same as that contained in the 3d. (9) In the 9th ground of the motion exception is taken to the following charge: "If you find from the evidence that these goods were bought by sample, and that the sample inspected was satisfactory to the buyer, then the defendant would be bound by the inspection he made, unless he understood that later on he had the right to examine other parcels or parts of the same. If you find that the plaintiff, by the request of the defendant, carried samples of these goods to the defendant company, and that they were examined and accepted as satisfactory to the defendant company, and goods of this same class were delivered to the defendant company, and nothing else appeared, then the company would be bound to pay for them." (10) Immediately following the charge last quoted, and in response to a suggestion by the defendant's counsel that the defendant had the right to refuse the fruit for not corresponding in quantity as well as quality, the judge charged the jury as follows: "I thought I had covered that. I charge you, gentlemen, that if you find that the plaintiff is mistaken about his right to deliver them all the goods he had of this kind, and

that the defendant is right in insisting that it only bought seventy-five cases or whatever you find to be true, then the defendant would have the right to object to the quantity as well as the quality, if done at the proper time." The defendant insists that this charge was erroneous because it wholly ignored the effect of the statute of frauds on the alleged oral contract of sale, and in effect instructed the jury that the defendant would be bound to accept the goods when delivered, unless the jury should find that the plaintiff was mistaken about his right to deliver all the goods he had of the kind, and unless the jury should also find that defendant was right in insisting that it bought only the amount of goods contended by it. It is insisted that the jury should have been instructed that the defendant had the right, on delivery of the goods, to examine the same for the purpose of determining whether they corresponded in quantity as well as quality with the contract of purchase, before accepting them, and that unless the defendant accepted them, whether its refusal to do so was right or wrong, the oral contract of sale was, under the statute of frauds, incapable of enforcement. It is further insisted that the charge assumes that the oral contract was valid and binding, and makes the right of the defendant to refuse acceptance of the goods dependent upon the terms of the oral contract; whereas, it is insisted, unless accepted, the oral contract was invalid, under the statute of frauds.

*Neel & Peeples,* for plaintiff in error.

*Colquitt Tinley, Thomas W. Milner & Son,* contra.

RUSSELL, J. (After stating the foregoing facts.) Summarizing the contentions of both parties, the evidence for the plaintiff tended to show that the manager of the defendant company bargained for all of the canned peaches and tomatoes he had for sale. He testified that he expressly informed the manager, Mr. McCormick, that he accepted his bid in preference to that of Mr. Strickland, another buyer of fruit, upon the ground that Mr. Strickland had only offered to take a portion of his canned goods. He further testified that he delivered the goods according to his contract, at the warehouse of the defendant, and to one of its employees, who received them and stored them in the warehouse. The defendant's manager, Mr. McCormick, testified, that he only contracted for a fixed quantity of each of the three kinds of fruit

offered for sale by the plaintiff; that this was one of the express terms of the contract, and that under no consideration would he have bargained for as large a quantity as the plaintiff claimed to have sold him. He contended, that there had been no delivery of the goods to the defendant; that the clerk who received the goods at the warehouse was not authorized to effect an acceptance, and that as soon as he knew that the fruit was being delivered he refused to accept or pay for it. There was no conflict as to the price at which the fruit was to be delivered, nor any evidence tending to show that it was not the quality contemplated by the parties. Upon a complete review of the evidence, we find no error in the judgment refusing a new trial. We base our decision upon the following reasons:

1. The evidence upon the only material points in the case was conflicting, and we have more than once held that in such a case this court can not interfere with the finding of the jury upon the facts.

2. There was no such error in the instruction of the court with reference to the application of the statute of frauds to the evidence submitted as will authorize a reversal of the judgment. Considered in dismembered fragments, the instructions of the court might appear subject to the objections urged by counsel for the plaintiff in error, but when the charge upon this subject is considered as a whole and in the light of the evidence, there was no error in the court's giving in charge to the jury, in connection with paragraph 7 of §2693 of the Civil Code, the three exceptions provided by §2694. It is now strenuously insisted by the learned counsel for plaintiff in error that the court erred in presenting the second exception to the jury. It is apparent to any one that the evidence in behalf of the plaintiff required that the jury be instructed that although the value of the goods might amount to more than fifty dollars, the contract of sale would not have to be in writing, where there had been performance on the part of the plaintiff and acceptance, as the plaintiff testified, on the part of the defendant. And we think, moreover, there was no error in further charging the jury that the contract of sale need not be in writing if the jury believed the contract had been fully executed. This was held by the Supreme Court in *Johnson* v. *Watson*, 1 *Ga.* 348, before the passage of the act now embodied

in §2694; and it was further held, in the same case, that the question of delivery by the vendor and acceptance by the vendee is one of fact for the jury. As stated by Chancellor Kent (2 Kent's Com. 491), "when the terms of sale are agreed on and the bargain is struck, and everything which the seller has to do with the goods is completed, the contract of sale becomes absolute, and the property and risk of accident to the goods rests in the buyer." See also *Woodward* v. *Solomon, 7 Ga.* 246. If the jury believed the testimony in behalf of the plaintiff, the contract was executed; and the jury were properly instructed to apply the first exception mentioned in §2694. It may be that the court might have more fully instructed the jury, as insisted by counsel for plaintiff in error, as to the applicability of the third exception, but in view of the evidence of the plaintiff and the fact, as demonstrated by the verdict, that the jury rested their verdict upon his testimony, the omission of the court in this regard would not be error of which defendant could complain; for the reason that the exception is provided for the benefit of plaintiffs, to be used in resistance of a plea that the contract is not binding because not in writing.

3. Conflict in the evidence arose upon the subject of the quantity of the goods sold, and whether the goods were delivered and accepted. Plaintiff in error insists, that it was indisputably established that the goods were never accepted, but were rejected the moment its authorized agent was informed of the quantity tendered and insisted on by Mr. Jackson, the plaintiff; that the clerk, Hawkins, had no authority to accept the goods for defendant, but merely the duty of reporting the same to the general manager, McCormick; and that upon his reporting in this instance, McCormick rejected the goods and refused to accept the same. It is of course well settled that mere receipt of goods without acceptance will not meet the requirements of the statute of frauds *Loyd* v. *Wight,* 20 *Ga.* 578; s. c. 25 *Ga.* 215; Tiedeman on Sales, §66. Nor is an agent who is merely authorized to receive and count goods, or weigh them as delivered, the agent of the buyer to so accept the goods as to bind his principal. It is also true that acceptance can not be inferred from mere receipt of goods into the possession of the buyer, provided he does not retain them longer than may be reasonably necessary to enable him to examine their quality and quantity. 20 Cyc. 249. Upon these well set-

tled principles the learned counsel for the plaintiff in error based most of the contentions urged in his brief. We must not, however, lose sight of the fact that these contentions are not based upon the evidence for the plaintiff, and that the jury had the right to give the preference to his testimony. According to this testimony, he delivered to the defendant at its place of business exactly what he had contracted to sell, both as to quantity and quality; and quantity and quality both being complete, and the goods delivered at the stipulated time and for the stipulated price, the defendant had no right to reject, nor any reason for inspection. If goods of exactly the quantity and quality bargained for were delivered according to the terms of the contract, it became absolutely immaterial whether the agent who received them had or did not have the right to accept them. Acceptance followed necessarily on the impossibility of rejecting the goods contracted for, and to decline to take them would have been a fraud.

4. Several exceptions are taken to certain portions of the charge, in which it is assumed that the contentions of the defendant were not sufficiently presented to the jury; and it is also alleged that certain excerpts from the charge either contain intimations of opinion by the court, or assume facts to be in evidence which were not supported by the testimony. We have referred to several of these in the statement of facts preceding this case, but any further discussion than is contained in the headnotes is unnecessary. Viewing them in the light of the charge as a whole, these exceptions are without merit. Such are the assignments of error contained in the 1st, 2d, 5th, 7th, 8th, and 9th grounds of the motion for new trial.

5. Much stress is laid on the 4th ground of the motion for new trial. The excerpt from the charge complained of (which is quoted in the statement of the case) immediately follows the instruction to the jury that the company would be liable only provided it appeared that the goods were actually accepted by the company, and precedes the instruction complained of in the 10th ground of the motion for new trial. Judged in this connection, the jury could not have been misled or confused into believing otherwise than that it was absolutely essential for the plaintiff to demonstrate by the evidence that the defendant accepted the goods tendered by him, nor led to suppose that mere knowledge on

the part of the defendant that the fruit mentioned was being put into its warehouse proved that the defendant accepted it and expected to pay ·for it; the court having more than once instructed the jury that the plaintiff's right was dependent upon compliance with his contract and acceptance by the buyer.

What we have just said in reference to the 4th ground of the motion is clearly applicable to the 6th. The charge complained of in the 6th, however, relieves the ambiguity, if any existed, in the instruction complained of in the 4th ground; for the court expressly charged the jury that they could consider whether the defendant knew that the goods were being placed in its warehouse, and if the jury should find that it did know it, and *that it was being done in pursuance of their contract,* the company would be bound, otherwise it would not be bound. What could be plainer? ·If the delivery was being made in compliance with the contract, as testified to by the plaintiff, the company would necessarily be bound. The defendant could not ask to be relieved except upon the testimony of its manager that no such contract was made and that the contract that was made was not complied with.

6. There is no merit in the 7th ground of the motion. The excerpt complained of was addressed to the jury in response to an oral request made by the defendant's counsel, who asked the court to charge the jury that if the company did know that the goods were being placed in its warehouse by Mr. Jackson for the purpose of delivery, it would not bind the company, if it understood that it still had the right to reject them. The court assented to this proposition (stated in the presence of the jury), by using the word "yes," thus giving it his sanction, but very properly qualified the instruction by adding that "*that* would depend upon the additional fact whether or not the company had the right, after the goods were actually placed in its warehouse, to examine the goods and accept or reject them." The word "*that*," in the charge quoted, refers to the proposition stated by counsel, and sanctioned by the court by the use of the word "*yes.*" The word "*yes*" relates back so as to mean that the company would not be bound, if it understood that it had the right to reject the goods; and the qualification of the court simply meant that while, as before stated, the acceptance depended upon the defendant's understanding of its right to reject (which was not a correct statement of law ap-

plicable to the evidence), the evidence must show a real right to reject. The court, therefore, while sanctioning and indorsing to the jury the proposition stated by the defendant's counsel, very properly qualified this statement (adopted pro tanto as his own), by further instructing the jury, in effect, that the understanding of the defendant was, after all, dependent upon and subordinate to its actual rights to accept or reject the goods, as fixed by the contract, whatever the jury might find, from the evidence, that contract to be. As there was no contention on the part of either party that he misunderstood the contract, nor any evidence showing that either party was known by the other to be acting under a misapprehension of the contract, the understanding of either party could not affect the contract, and could be of no use to the jury except in so far as it might aid in enabling them to find the true contract.

7. The complaints urged against the excerpt from the charge on which error is assigned in the 10th ground of the motion for new trial appear to us groundless, on consideration of the entire charge and the circumstances under which the instruction complained of was given. It appears in the record that the court had practically completed the charge to the jury, and that first the defendant's counsel and then the plaintiff's attorney had made oral requests for additional instructions. The only request refused was one preferred by the plaintiff's counsel. Immediately following the charge which is assigned as error in the 9th ground of the motion (and which will be found in the statement of the case), defendant's counsel suggested, "That leaves out altogether the question of quantity. They had the right to refuse them for not corresponding in quantity as well as quality." Upon this suggestion of counsel on the subject of the quantity, the court replied to counsel, "I thought I had covered that;" and proceeded, in compliance with the suggestion, to relieve the objection of the defendant. It was addressed to only one point, but nothing more would have been required even if the request had been in writing; and the request might have been declined even if in writing, because the subject had already been fully covered in the charge to the jury. The assignments of error depend (a) partly upon the assumption that it is necessary for a trial judge to repeat, in treating of each and every phase of the case, and in every possi-

50

ble connection to reiterate, the law applicable to all of each party's contentions; (*b*) partly upon an alleged intimation on the part of the judge; and (*c*) partly upon verbal criticism of the language employed in the instruction to which exception is taken.

(*a*) The judge, having already fully explained the purpose and effect of the statute of frauds, was not required to repeat these instructions to the jury in connection with a charge invoked upon a different subject and one wholly disconnected with defendant's defense under the statute of frauds. Especially is this true where the request was preferred by him who now complains, and where the request was directed expressly to only one point in the case, and was fully complied with by the court. The charge complained of in this ground of the motion did not ignore the effect of the statute of frauds, or withdraw from the jury the defendant's defense based thereon, although the judge did not refer to the subject in connection with this instruction. The plaintiff's case, according to his testimony, had but one foundation, a contract of sale fully executed on his part; the defendant's defense traveled on two legs,—the one, the plea that there was no completed contract of sale nor acceptance of the goods; the second leg, the plea in which the statute of frauds was invoked as a defense. In one view of the defendant's case the effect of the statute of frauds was entirely immaterial. If the contract was for a limited quantity of the canned goods as a whole, and for a limited quantity relatively of each kind, and the plaintiff, in violation of the contract, attempted to deliver a larger quantity as a whole and different quantities relatively of each from those contracted to be delivered, and the defendant, as would have been its right, declined to accept them, no recovery could be had against the defendant. And this without regard to the defendant's plea of the statute of frauds. The plaintiff's failure to comply with the provision in reference to the quantity, and the defendant's rightful refusal to accept the articles tendered, would defeat the sale. The statute of frauds was immaterial to either view of the plaintiff's case as made by him in the record. If the goods were bought and delivered, as testified, according to contract, he would be entitled (regardless of the provisions of §2693 of the Civil Code) to recover the purchase-price. If the contract of sale was as testified to in behalf of the defendant, and there was no acceptance by the defendant of the goods tendered,

then (regardless of the operation of the statute of frauds) the plaintiff could not recover. When we consider that the portion of the charge now under consideration was made supplementary to a presentation of one phase of the plaintiff's contention as requested by plaintiff's counsel, expressly to present defendant's claim of the right to reject the goods on account of defect in quantity, and for the purpose of preventing any limitation or restriction of the defendant's right to inspect the goods and ascertain whether they corresponded in quantity as well as quality with those purchased by the defendant, and further discover from the record that the jury had been fully and, we think, correctly instructed as to the law applicable to the defendant's plea of the statute of frauds, we think it is quite clear that the intelligence of the jury could safely be trusted to remember that the defendant had two pleas, and to recall and apply the instructions already given by the court, on the subject of the statute of frauds, to the evidence applicable to the defense based on §2693 of the Civil Code.

(b) The language of the instruction in question does not "make the legal right of the defendant to refuse acceptance of the goods dependent upon the terms of the oral contract as found by the jury," as insisted by plaintiff in error; because, as stated above, the court is, at this point, only presenting the law applicable to one issue in the case, to wit, whether there was or was not a sale of the goods as insisted by the plaintiff. But there is nowhere any intimation of opinion upon the facts by the court. This ground of the exception is destroyed when the charge to which exception is taken is read.

(c) The instruction now under review may be subject to verbal criticism. The trial judge was perhaps too complaisant in his language in referring to the sharp conflict between the parties. He was perhaps too much imbued with the spirit which it is the duty of the jury to exercise in case of conflict in the evidence,— that of harmonizing conflicting testimony so as to make all the witnesses speak the truth. No exception is taken to this. But if instead of saying, "if you find that the plaintiff is mistaken about his right to deliver," etc., and that "the defendant is right in insisting that," etc., the judge had substituted more vigorous and explicit language, so as to have charged the jury that if they found

from the evidence that the plaintiff was not to deliver all the goods of this kind that he had, and if they believed that the defendant bought only 75 cans (or whatever they might find to be the number), then the defendant would have a right to object to the quantity as well as the quality, if it did so at the proper time, the only possible objection would have been removed. The jury might possibly have been led, by the language used, to suppose that they could settle the rights of the parties according to their opinion of right, instead of by the testimony as they found it to be true; but no exception is based upon that ground. The exception is taken to the words "this kind," in the charge; it being insisted that the words "all the goods of this kind" furnish no indication as to whether the court meant table peaches, pie peaches, or tomatoes. We can not approve of this exception; because it appears, in the evidence for the plaintiff, that he sold to the defendant company all the canned goods he had, and that he declined to sell part of them either to Strickland or to the defendant, and it further appears that these canned goods embraced only pie peaches, table peaches, and tomatoes. No other goods are hinted at in the testimony, except canned goods; and if he sold all he had of "this kind," it is undisputed that he must have sold, not only "table peaches" and "pie peaches," but "tomatoes" as well; and the exception is without merit.

We are satisfied, at the end of a most thorough and painstaking investigation of the merits of every assignment of error, and of every argument in its support, that our respect for the profound legal ability of the learned counsel for plaintiff in error has caused us to search more diligently (if it be possible) than usual for every error pointed out in the record and brief, and to unduly lengthen our discussion of the points involved. After all, we find no error which requires the grant of a new trial. After all, in a fair trial (but with conflicts irreconcilable in the evidence), the jury preferred to base its verdict on the testimony for the plaintiff, instead of on that in behalf of the defendant.

*Judgment affirmed.*