## 2441.  BLUMENFELD *v.* PALMER HARDWARE CO.

1. Where one person orally sells to another merchandise of greater value than $50, with the understanding that it is to be a cash transaction, and the seller, in pursuance of the direction of the purchaser, weighs up the articles and puts them aside in a designated portion of his storeroom or warehouse, where they are to be turned over to the purchaser's drays, and the purchaser refuses to send for and pay for the articles: *held,* that there is no such acceptance and receipt of the merchandise as is contemplated by the statute of frauds (Civil Code of 1895, § 2693, par. 7), to make the transaction enforceable under the statute.

2. Even if, in such a case, the expending of time and labor by the seller in causing the articles to be weighed and set aside amounted to such part performance as to give the seller any rights against the purchaser, it was not adequate to convert the transaction into an executed sale, so as to authorize suit on open account for the agreed price of the goods sold.

DECIDED JULY 19, 1910.

Appeal; from Chatham superior court—Judge Charlton. December 17, 1909.

*A. L. Alexander,* for plaintiff in error. *W. B. Stephens,* contra.

POWELL, J. The Palmer Hardware Company sued Blumenfeld on an account for the purchase-price of certain stove and plow castings, amounting to $68.41. The defendant pleaded the statute of frauds. The proof showed that the Hardware Company sold

these iron castings to Blumenfeld at the price of 75 cents per hundred; and that they were to be weighed up and set aside for him in a designated portion of the plaintiff's warehouse. The plaintiff did cause the castings to be weighed and set aside, at an expense of several dollars. It was a cash sale; the merchandise was to be paid for at the time of delivery. Either as a matter of accommodation or because it had agreed to do so (and as to this the parties were in conflict), the plaintiff had the castings loaded on drays and tendered them to the defendant, together with the bill. He rejected the articles and declined to abide the contract.

"'The acceptance and receipt of merchandise of a greater value than fifty dollars, under an oral contract of sale, which is contemplated by the Civil Code, § 2693, par. 7, as relieving the contract from the operation of the statute of frauds, must be such a transfer of the physical possession of the property as places the goods beyond the control of the vendor, and within the control of the vendee.' Tender and refusal to accept are not sufficient to take the case out of the statute. *Brunswick Grocery Co.* v. *Lamar,* 116 *Ga.* 1 (42 S. E. 366)." *Miller* v. *Smith,* 6 *Ga. App.* 447, 448 (65 S. E. 292). Even if ordinarily the setting aside of the merchandise in a designated place in the plaintiff's warehouse, after it had been inspected by the defendant, would have amounted to delivery and acceptance, still no such constructive acceptance and delivery could be implied in the present case, because the intention of the parties was that it should be a cash sale, i. e., that the goods were not to pass beyond the control of the vendor into the control of the vendee until the purchase-money was paid. No waiver of this portion of the contract can be implied in the present case; for, even in its final act of tendering the castings on the drays, the seller sent a bill for collection of the purchase-price, along with the goods.

2. We deem it unnecessary to decide whether the plaintiff's having gone to the expense of weighing up the iron and setting it aside would amount to such part performance of the contract as to give the plaintiff any rights under the transaction; for we think it clear that the contract never thereby became executed. The plaintiff's suit was on an open account for the purchase-price of the merchandise, and not for damages on account of the defendant's breach of any executory contract or for the expenses incurred by the plaintiff in causing the articles to be weighed up and

set aside at the defendant's request. On this feature, the case falls within the principle announced in *Dilman* v. *Patterson Co.*, 2 *Ga. App.* 213 (58 S. E. 365.) *Judgment reversed.*