### 3393. KNOWLES *v.* DAYRIES RICE CO.

1. The argument of counsel, being based upon an inference unsupported by evidence and irrelevant to the merits of the cause, was presumably prejudicial to a fair consideration by the jury of the rights of the opposite party, and, the latter's counsel having properly objected thereto and moved for a mistrial, it was error not to grant a mistrial.
2. Otherwise than as above stated, the trial was free from error.

DECIDED FEBRUARY 24, 1912.

Appeal; from Muscogee superior court—Judge Gilbert. March 20, 1911

*Chapman & Howard,* for plaintiff in error.

*C. E. Battle, Howell Hollis,* contra.

RUSSELL, J. Upon an examination of the record in this case we were first inclined to affirm the judgment refusing a new trial, but upon more mature reflection we are satisfied that the argument of the distinguished counsel for the plaintiff in the court below must necessarily have prejudiced the rights of the defendant, and probably deprived him of his right of an absolutely fair and impartial trial, had, as all trials should be had, upon the law and the evidence, and nothing else. The right to an absolutely fair and impartial trial is guaranteed every party in every cause, and the highest duty of a court is to see that this right is preserved absolutely unimpaired. The importance of the principle is likely to be overlooked when the cause is a civil case and only a small amount is involved, but the paramount importance of this right should never be overlooked, and, when the power of the court is properly in-

voked for its protection and preservation, the appeal should in no case be disregarded. Retribution upon any party offending should be speedy and unsparing. As was said in *Parker* v. *State, 3 Ga. App.* 23 (59 S. E. 205): "It is with the greatest reluctance and with the gravest sense of responsibility that a court of review will control the conduct of a trial judge in the administration and exercise of the high duties which devolve upon him." Counsel, too, in the discharge of his duties to his client, standing as he does in his client's shoes to plead his cause, should be allowed the utmost freedom of speech and action consistent with the rules of orderly judicial procedure; yet in any case in which the attorney for one party does any unwarranted act which prejudices the right of the opposite party to have the jury accord exactly impartial consideration of his contentions as deducible from the evidence in the case, or when the attorney for either party argues before the jury matters foreign to the issue and unsupported by the evidence, which are prejudicial to the opposite party, the duty devolves upon the court of dealing summarily with the matter, if it is properly called to the judge's attention. This rule is essential to the end that exact justice shall be administered.

In the present case, which only involves a small amount, the judge certifies that the plaintiff's attorney argued in conclusion that the defendants had collected insurance money from insurance companies on all the stock of merchandise of the defendant, including the rice in controversy. The defendant's attorney objected in open court to this argument, and the judge stated to the jury that such argument was improper, and that the jury should not consider it. After this ruling and instruction the plaintiff's counsel stated to the court that he was arguing this fact only as an inference to be drawn from the testimony in the case; to which the court replied, in substance, that it would not be proper to argue any fact not brought out by the testimony, but any fair inference counsel drew from the testimony might be stated as an inference only. Thereupon counsel for the plaintiff continued to argue that it was a fair inference to be drawn from the testimony in the case that the defendant had collected on all his stock of merchandise, and on all this rice, which had been destroyed in the store. Counsel for the defendant again objected to the argument, and urged that it was unfair and prejudicial to the defendant, and without any evidence

to support it, and thereupon moved the court to declare a mistrial. The court overruled the motion to grant a mistrial, and error is assigned upon this ruling.

We think a review of the record sustains the contention that the failure of the court to declare a mistrial, under the circumstances, had the effect of denying to the defendant a fair and impartial trial upon the issues involved in the case; that the argument was calculated to prejudice the jurors' minds against the defendant, because it was unfair and had no connection with the true issues in the case. The only issues, under the evidence, were whether the rice ordered by the defendant was shipped to him by the plaintiff, and, if so, whether the fact that the rice was received by the defendant from the carrier sufficed to constitute such an acceptance of the shipment as would remove the sale from the operation of the statute of frauds, the value of the rice being more than $50. "Mere receipt of goods without acceptance will not meet the requirements of the statute of frauds." *Wholesale Mercantile Co.* v. *Jackson*, 2 *Ga. App.* 782 (3), (59 S. E. 109) ; *Loyd* v. *Wight*, 20 *Ga.* 578 (65 Am. D. 636) ; s. c. 25 *Ga.* 215 ; Tiedeman on Sales, § 66. If there had been any evidence to the effect that the defendant collected insurance upon the rice, or any evidence that the rice was specifically considered by either party when the loss by fire was adjusted, the inference that the defendant had accepted the rice and treated it as his own would have been authorized. We do not find anything in the defendant's letter to the plaintiff, however, which authorized such an inference. Nothing to that effect was elicited from Knowles on cross-examination, and no direct or circumstantial evidence to that effect appeared in the record from any source.

For this reason we think there was nothing to suggest the inference which counsel for the plaintiff sought to argue, except mere conjecture. There could at most be but a suspicion that Knowles might have been paid for the rice, due to the fact that it was in his store at the time of the fire; but this would not authorize the inference that he had received pay for it, in the absence of any evidence as to the time when his insurance was taken out, the amount of insurance upon the stock, and the value of his stock of goods at the time the contract of insurance was entered into and at the time of the fire. If, as we think, the inference was unauthorized, it was

naturally very prejudicial to the defendant, because it would place him in the attitude of refusing to pay for goods for which he himself had been paid. Nothing more strongly prejudices an honest jury against the litigant than evidence of his dishonesty. Nothing in our experience can more strongly tend to influence a fair jury (perhaps unconsciously to themselves) against a contention otherwise unanswerable than circumstances which strongly suggest the fact that the contention is not fairly presented. The amount involved in this case was small. As suggested by the remarks of Justice Lamar, in discussing a similar situation (*Patton* v. *State,* 117 *Ga.* 238-239, 43 S. E. 533), the defendant's counsel in the instant case took a great risk in objecting to the argument at all, because juries are so much in favor of the right of free speech that the objection might suggest to the jury that he was of the opinion that the plaintiff's counsel was puncturing an unusually vulnerable point in the defendant's defense, and that if the plaintiff's counsel had been permitted to develop the whole truth, unobstructed by a legal technicality, more of the true merits of the transaction might have been disclosed to their view. The court properly sustained the objection of the defendant's counsel, but practically withdrew the ruling and magnified the injurious effect of the argument when he later permitted plaintiff's counsel to argue, as a legitimate inference from circumstances proved in the case, the same thing to which objection had been offered as not being a matter of direct proof. We think the court erred in the latter ruling, for unless the inference indulged can be reasonably drawn from facts and circumstances in a given case, it can not arise at all and does not exist. There must be a plain connection between the facts in proof and the inference drawn therefrom. If the inference in question is not manifestly supported by, and reasonably deducible from, the facts in proof, the argument is irrelevant, and, ordinarily, prejudicial.

Otherwise than as above stated, the trial was free from error.

*Judgment reversed. Pottle, J., not presiding.*