*A. J. Griffin, C. R. Faulkner, W. W. Stark,* contra.

---

## 8119. BENTLEY *v.* JOHNS.

BROYLES, P. J.   1. Ordinarily an exception to the refusal of the court to grant a nonsuit will not be considered by this court when the case proceeded to a verdict and there is an exception also to the overruling of a motion for a new trial, which includes the ground that the verdict was contrary to law and the evidence. Under the particular facts of this case, however, the exception to the refusal to grant a nonsuit will be considered.

2. As a general rule, for the defendant to avail himself of the statute of frauds he must specially plead it. However, under the ruling in *Denmead* v. *Glass*, 30 *Ga.* 637 (which was cited and apparently approved in *Johnson* v. *Latimer*, 71 *Ga.* 470), in the absence of such a plea the defendant can avail himself of this defense by a timely motion to nonsuit the case. See also *Tift* v. *Wight*, 113 *Ga.* 681, 684 (39 S. E. 503). In this case the plaintiff's evidence clearly showed a promise by the defendant to "answer for the debt, default, or miscarriage of another" (Civil Code of 1910; § 3222, subsection 2); and such promise being the basis of the suit, and the plaintiff's evidence further showing that this promise had never been in writing, the defendant's motion for a nonsuit, expressly based on this ground, should have been sustained. In the

42

case of *Marks* v. *Talmadge,* 8 *Ga. App.* 559 (69 S. E. 1131), "it does not appear that the motion for nonsuit was based on any ground relating to the statute of frauds."

3. The error in the judgment upon the motion to award a nonsuit rendered the further proceedings in the case nugatory, and the remaining assignments of error are not passed upon.

*Judgment reversed. Jenkins and Bloodworth, JJ., concur.*

DECIDED APRIL 3, 1917.

Complaint; from Gordon superior court—Judge Fite. November 27, 1916.

*F. A. Cantrell, Maddox, McCamy & Shumate,* for plaintiff in error. *J. G. B. Erwin Jr.,* contra.