### 13919.  KILLARNEY REALTY CO. v. WIMPEY.

BELL, J.  1.  The Civil Code (1910), § 2693, par. 4, requires that "any contract for sale of lands, or any interest in, or concerning them," to make the obligation binding, shall be " in writing, signed by the party to be charged therewith, or some person by him lawfully authorized."

2. "In case of sales by auction, the auctioneer shall be considered agent of both parties, so far as to dispense with any further memorandum in writing than his own entries " (Civil Code, § 4107) ; but where, in an action against the alleged vendee, the vendor in a sale upon terms other than for cash relies upon the entries of an auctioneer, the terms of the sale must be shown in the entry.  25 R. C. L. 646.  See also *Lester* v. *Heidt*, 86 *Ga.* 226.

3. A receipt given by an alleged vendor to the alleged vendee for a part of the purchase-money for lands, signed by the former alone, is not sufficient to charge the other with a contract therein stated and sought to be enforced at the instance of the former, where the statute of frauds is invoked by the latter.  *Smith* v. *Jones*, 66 *Ga.* 338; *Fraser* v. *Jarrett*, 153 *Ga.* 441 (1).

4. "The statute of frauds does not require that all the terms of the contract should be agreed to or written down at one and the same time, nor on one piece of paper; but where the memorandum of the bargain is found on separate pieces of paper, and where these papers contain the whole bargain, they form together such a memorandum as will satisfy the statute, provided the contents of the signed paper make such reference to the other written paper or papers as to enable the court to construe the whole of them together as containing all the terms of the bargain.  If, however, it be necessary to adduce parol evidence, in order to connect a signed paper with others unsigned, by reason of the absence of any internal evidence in the signed paper to show a reference to or connection with the unsigned papers, then the several papers taken together do not constitute a memorandum in writing of the bargain, so as to satisfy the statute."  *North* v. *Mendel*, 73 *Ga.* 400 (2).

(a) Applying the rule of this and the preceding paragraph, the receipt referred to above and a check signed by the alleged vendee for the same sum as that for which the receipt was given, but containing no reference to the receipt or its subject-matter, or to the alleged sale, would not, taken together, constitute a sufficient compliance with the statute as against the alleged vendee.

5. "As a general rule, for the defendant to avail himself of the statute of frauds he must specially plead it.  However, under the ruling in *Denmead* v. *Glass*, 30 *Ga.* 637 (which was cited and apparently approved in *Johnson* v. *Latimer*, 71 *Ga.* 470), in the absence of such a plea the defendant can avail himself of this defense by a timely motion to nonsuit the case.  See also *Tift* v. *Wight*, 113 *Ga.* 681, 684 (39 S. E. 503)." *Bentley* v. *Johns*, 19 *Ga. App.* 657 (2) (91 S. E. 999).  See also *Bentley* v. *Smith*, 3 *Ga. App.* 242 (2) (59 S. E. 720) ; *Hill* v. *Jones*, 7 *Ga. App.* 394 (4) (66 S. E. 1099).  In this case the plaintiff's evidence failed to show a compliance with the statute of frauds, either by sufficient entries of the auctioneer or other writings.

6. "The refusal of the purchaser to perform [an agreement to buy land] will not give to the owner the right to resell the land at the risk of the former and hold him liable for a deficiency in the price realized, the true measure of damages being the difference between the contract price and the market value of the land at the time of the breach." *Cowdery* v. *Greenlee*, 126 *Ga.* 786 (3) (55 S. E. 918).

7. For the reasons stated above, regardless of any others urged, the judgment of nonsuit was proper.

8. A mere general recital in the bill of exceptions that upon the allowance of an amendment to the answer of the defendant the plaintiff "moved to continue said case, showing to the court wherein said amended answer set up an entirely new defense and one that the plaintiff was not ready to meet, it, through its attorneys, stating in their place that it was less prepared for trial than it would have been had said amendment not been made, and that such surprise was not claimed for purpose of delay, and moving that the case be continued to the next term of said court," without setting forth what facts were made known to the court at the time in substantiation of the conclusions thus recited, would be insufficient to warrant a holding by this court that the trial judge abused his discretion in overruling the motion. Moreover, it hardly appears that any error, if existing, in the overruling of a motion of the plaintiff to continue on account of surprise by an amendment to the defendant's answer, could enter into and affect a judgment of nonsuit, when the amendment was only to plead the statute of frauds, and where *the statute was subsequently invoked independently thereof by the motion for the nonsuit.*

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED JUNE 25, 1923.

Complaint; from DeKalb superior court — Judge Hutcheson. June 6, 1922.

*L. J. Steele, Scott Candler,* for plaintiff.

*Alston, Alston, Foster & Moise,* for defendant.