### 15791. AILEY v. LINDALE CO-OPERATIVE STORE.

1. Where to a suit upon an account for goods sold the defendant files a plea denying the indebtedness, the burden of proving the contract for the sale of the goods is upon the plaintiff; and "proof of a contract with a corporation includes proof of the authority of the agent purporting to act for it to make the alleged contract, or proof that the contract as made was subsequently ratified by the corporation." *Lindale Co-operative Store* v. *Ailey*, 32 *Ga. App.* 30 (122 S. E. 718 (2)).

2. Under the law and the facts of this case, the express company, to which the plaintiff claims to have delivered the meat, was not the agent of the defendant; and unless the goods or some portion of them were received and accepted by the defendant, no right of action accrued to the plaintiff.

3. "Evidence that a letter was mailed to a named person does not raise a presumption that he received it, unless there is also evidence that the letter was properly addressed and duly stamped."

4. The court did not err in the rejection of evidence as complained of in special grounds 6 and 7 of the motion for a new trial.

5. A nonsuit was properly granted.

DECIDED NOVEMBER 13, 1924.

Complaint; from city court of Floyd county—Judge Bale. June 2, 1924.

*Harris & Harris,* for plaintiff.

*Porter & Mebane,* for defendant.

BLOODWORTH, J. The suit was upon an account for the purchase price of certain meat which the plaintiff alleged he shipped by express from Charleston, Tennessee, to the defendant at Lindale, Georgia. In the plea of defendant it denied all liability. The evidence of the plaintiff showed that he went into a store between Rome and Lindale, which "they said" was the Lindale Co-operative Store; that he sold to a person, who with others was working in the store, the meat for the purchase price of which suit was brought; that they agreed that the meat should be shipped by express from Charleston, Tennessee, to the Lindale Co-operative Store at Lindale, Georgia; and that he sent a bill of the goods to the defendant and wrote to it several letters, but never heard from it. Upon the conclusion of the evidence for the plaintiff, on motion of counsel for the defendant, a nonsuit was granted.

1. This is the second appearance of this case in this court. See *Lindale Co-operative Store* v. *Ailey,* supra. When first here it came after a verdict for the plaintiff had been directed. So far as it relates to the contract between the plaintiff and the purported agent of the defendant, the evidence on both trials is substantially

the same, and the rulings stated in the first and second headnotes of the opinion in the first case are applicable in this one, and are controlling on the questions involved. In the evidence there is nothing to show that the purported agent of the defendant, the person with whom the plaintiff dealt, had any authority to bind the defendant or that the defendant ever ratified the alleged contract.

2. On the first trial there was no evidence of an agreement, alleged to have been made between the plaintiff and the purported agent of the defendant, that the goods were to be delivered to any certain carrier. On the second trial the plaintiff swore that there was an agreement that the goods were to be shipped by express. However, if the person with whom the plaintiff dealt had no authority to make the alleged contract for the defendant, then there was no agreement that the goods should be shipped by express, and in the absence of such an agreement or proof of "a usage between the places" relative thereto, delivery to the express company was not delivery to the defendant. Under the law and the facts of this case, the express company, to which the plaintiff claims to have delivered the meat, was not the agent of the defendant, and if the goods or some portion of them were not received and accepted by the defendant no right of action accrued to the plaintiff. It is not claimed that the goods were delivered directly to the defendant. *Denmead* v. *Glass,* 30 *Ga.* 637 (2) ; *Lloyd* v. *Wight,* 20 *Ga.* 574.

3. The plaintiff insists that he ought to recover on the following testimony given by himself: "I mailed the bill to the Lindale Co-operative Store at Lindale, Ga., and have written them several letters since that time about the bill, but have never received an answer. I always mailed the letters myself in my envelope with my return address on them, and none of the letters have been returned to me." Presumably this contention is based on § 5741 of the Civil Code of 1910. Granting (but not holding) that this law is applicable to the facts of the case we are now considering, the evidence fails to show affirmatively that the letters which the plaintiff claims to have mailed to the defendant were "*duly stamped.*" In *Rawleigh Medical Co.* v. *Burney,* 22 *Ga. App.* 492 (1) (96 S. E. 578), it was held: "Evidence that a letter was mailed to a named person does not raise a presumption that he received it, unless there is also evidence that the letter was properly

addressed and *duly stamped.*" (Italics ours.)  See also cases cited in the opinion, pages 493, 494.

4.   Special ground 6 of the motion for a new trial alleges that the court erred in ruling out the following from the plaintiff's testimony:  "As manager of the store;" and ground 7 complains that the court erred in refusing to admit the following testimony of the plaintiff:  "He said he was the manager."  Even if we concede that these grounds of the motion properly present questions for the consideration of this court, there was no error in the ruling of the judge, as the evidence of the plaintiff shows that he did not know that he was in the store of the defendant at the time that he was talking to this unidentified man, and he swore:  "I don't know if I sold any goods to the Lindale Co-operative Store or to whom I sold them."

5.   At the conclusion of the evidence upon the second trial the defendant made a motion to nonsuit, on the following grounds:  "1.   That the evidence of the plaintiff shows that the alleged purchase of the meat sued for, in the sum of $137.25, is a contract for the sale of goods and merchandise for more than fifty dollars, and that under the testimony the alleged contract for said goods and merchandise was not in writing and signed by the defendant, nor by any person having the right and authority to bind the defendant, nor does the evidence show that anything was given in earnest to bind the bargain or in part payment thereof, or that any of the goods alleged to have been sold were actually received by the defendant, or by any agent of the defendant who had the right and authority to contract and bind the defendants; that for said reason said alleged sale and contract for meat is governed by the statute of frauds and is not enforceable. 2.   Because the evidence in said case, on the part of the plaintiff, fails to show either that the person with whom the plaintiff dealt in making said alleged contract had authority to make the contract for the defendant, or that the defendant had, through any duly authorized agent, ratified the alleged agent's act in so doing."

This motion was properly sustained and a nonsuit granted, for, in addition to the fact that it is not shown that the person with whom plaintiff dealt had any authority to contract for the defendant, or that the defendant ratified the contract, it clearly appears that the meat alleged to have been sold to the defendant exceeded

in·value $50, that the contract was not in writing, and that there was no actual delivery of the meat to the defendant, and it is not shown that he gave anything in earnest to bind the bargain. Civil Code (1910), §§ 3222, 3222 (7). See, in this connection, *Killarney Realty Co.* v. *Wimpey,* 30 *Ga. App.* 390 (5) (118 S. E. 581), and citations; *Gunn* v. *Wilson, Co.,* 20 *Ga. App.* 17 (92 S. E. 721).

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*