19891. M. C. KISER COMPANY *v.* ROSENBLOOM.

DECIDED FEBRUARY 15, 1930.

186

*W. B. Hollingsworth, T. R. Sharp,* for plaintiff.

*J. W. Culpepper,* for defendant.

BELL, J. (After stating the foregoing facts.) The court did not err in granting the nonsuit. The evidence disclosed without dispute that the agreement was not in writing and that the other

facts were such as to render the statute of frauds applicable. We think the case is controlled by the decision of the Supreme Court in *Denmead* v. *Glass,* 30 *Ga.* 637 (2), in which it was held that the delivery of goods to a carrier is not a delivery to the purchaser within the meaning of that provision of the statute which refers to the sale of goods to the amount of more than $50, where the buyer has not accepted and actually received a part of the goods sold, or given something in earnest to bind the bargain or in part payment. Civil Code (1910), § 3222 (7). See also, in this connection, *Loyd* v. *Wight,* 20 *Ga.* 574 (65 Am. D. 636) ; *Lloyd* v. *Wright,* 25 *Ga.* 215; *Knowles* v. *Dayries Rice Co.,* 10 *Ga. App.* 567, 569 (73 S. E. 856) ; *Lindale Co-operative Store* v. *Ailey,* 32 *Ga. App.* 30 (3) (122 S. E. 718) ; *Ailey* v. *Lindale Co-operative Store,* 33 *Ga. App.* 63 (2) (125 S. E. 717).

It is commonly held that in the absence of an agreement to the contrary delivery of freight to a common carrier in pursuance of an executory sale of goods is regarded as delivery to the purchaser or consignee, but this rule presupposes a valid and enforceable contract for the purchase of the goods,—such a contract as complies with the statute or is unaffected thereby. *Morgan* v. *Colt Co.,* 34 *Ga. App.* 630 (4) (130 S. E. 600), and cases cited.

Where the contract is such as to be unenforceable under the statute unless there has been an actual delivery to the purchaser, the seller can not supply this essential element by delivering the goods to a carrier, according to the custom of trade. It was held in the *Denmead* case, supra, that the railroad company was not the agent of the buyer "to receive and accept" the goods. "There is a different rule of performance where the instruction of the purchaser is for the seller to deliver the goods to a designated carrier for shipment in a specified way." *Marks* v. *Talmadge's Sons & Co.,* 8 *Ga. App.* 557 (2), 560 (69 S. E. 1131). In the latter case the seller has either fully executed the contract by doing what he was instructed to do, or else has done such part performance as would render it a fraud of the opposite party if the court did not compel a performance by him. *Castlen* v. *Marshburn,* 8 *Ga. App.* 400 (2, 3) (69 S. E. 317) ; *Daniel* v. *Hannah,* 106 *Ga.* 91 (3) (31 S. E. 734) ; Civil Code (1910), § 3223 (1, 3).

There is a material difference between what is necessary to constitute a delivery sufficient to satisfy the statute of frauds, and that

which is necessary to complete a sale and pass title to the purchaser, in an ordinary contract where no question as to the statute of frauds is involved. In the former case actual delivery is necessary, or at least there must be "something more than the parol agreement of sale relating to the transfer of the title and the possession is necessary to constitute constructive delivery. The statute requires something more than mere words; it calls for acts, to dispense with a writing. It must appear that after the parol contract was made, some act was done within the intention of the parties indicating an assertion of dominion over the goods by the vendee. It is no objection that such acts be done by the vendor as the agent of the vendee. The vendee may constitute his vendor his bailee to accept the goods, but such bailee must do some act on the faith of the parol contract which characterizes his possession as that of agent or bailee of the vendee, or the vendee must do some act in recognition of the change in the character of the possession." *Walker* v. *Malsby Co.*, 134 *Ga.* 399, 404 (67 S. E. 1039); *Dudley* v. *Isler*, 21 *Ga. App.* 615 (4) (94 S. E. 827); *Brunswick Grocery Co.* v. *Lamar*, 116 *Ga.* 1, 4 (42 S. E. 366). On the other hand, in an ordinary contract for the sale of personalty, involving no question as to the statute of frauds, delivery need not be actual, but a constructive delivery may supply this essential to the perfection of the sale. Civil Code (1910), § 4125; *Mack* v. *Pardee*, 39 *Ga. App.* 310 (147 S. E. 147); *Clark* v. *Wood*, 39 *Ga. App.* 340 (147 S. E. 173).

The decision in *Tift* v. *Wight*, 113 *Ga.* 681 (39 S. E. 503), involved the question of what would constitute a sufficient constructive delivery to pass title, and contained no ruling as to the applicability of the statute of frauds. This is clear from the statement made in the second headnote. Compare *Blumenfeld* v. *Palmer Hardware Co.*, 8 *Ga. App.* 79 (2) (68 S. E. 618). We think the present case should be distinguished from the cases of *Wholesale Mercantile Co.* v. *Jackson*, 2 *Ga. App.* 776 (2), 782 (59 S. E. 106), and *Castlen* v. *Marshburn*, supra; but regardless of this, the judgment of nonsuit was in accordance with the decision of the Supreme Court in *Denmead* v. *Glass*, 30 *Ga.* 637.

■ Where the plaintiff's own evidence established without dispute that the contract relied on was unenforceable under the statute of frauds, the defendant could invoke the statute by a motion for a nonsuit, expressly based upon this ground, although he had not

pleaded the statute nor otherwise sought to claim it as a defense. *Killarney Realty Co.* v. *Wimpey,* 30 *Ga. App.* 390 (5) (118 S. E. 581) ; *Bentley* v. *Johns,* 19 *Ga. App.* 657 (2). (91 S. E. 999).

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*