PEEK *vs.* WRIGHT, administrator.

1. The verdict in this case is contrary to law and the evidence.
2. A prayer for general relief, in addition to specific prayers, in a bill in equity, will only warrant the granting relief pertinent to the case made by the bill. Therefore such a prayer added to a bill, the specific object of which was to enjoin a trespass, would not warrant a determination of the title to the premises.
3. A charge not warranted by the evidence should not be given.

Verdict. New Trial. Equity. Practice in the Superior Court. Charge of Court. Before Judge UNDERWOOD. Polk Superior Court. February Term, 1880.

Wright, the defendant in error, having died after the case reached this court, his administrator was made a party in his stead.   For the facts, see the decision.

IVEY F. THOMPSON; DABNEY & FOUCHE; J. A. BLANCE, for plaintiff in error.

E. N. BROYLES, for defendant.

CRAWFORD, Justice.

Wright, the defendant in error, filed his bill in October, 1869, alleging that he was the owner of lot of land No· eleven, in the twentieth district and third section of Polk county; that he and those under whom he claimed had been in the peaceable possession thereof from twelve to twenty years; that he has a chain of title except from his vendor, whose bond for title he has, with purchase money paid; that he, and those under whom he claims, have cultivated part of it for twenty years, and complainant himself since November, 1863; that defendant has been trespassing upon it; that the damages are irreparable, and defendant has no property; wherefore he prays injunction to restrain trespass, and for generalr elief   To his original bill complainant filed two amendments, by the first of which he alleges that if defendant has regular chain of title from the state, his is the better title, because of his peaceable and continuous possession for more than seven years before defendant acquired title, and under color of title since eighteen hundred and thirty-three.   By the second, that defendant had damaged him by cutting off and selling the timber from twelve acres of the land, worth two hundred dollars, and by cultivating the same for ten years, worth three hundred dollars, for which amounts he prays judgment against him and his security on the bond given upon the dissolution of the injunction.

The defendant by his answer denied being a trespasser,

and asserted ownership from April 22, 1869 ; that complainant tried to purchase the land from the true owner before defendant bought, and offered to exchange another lot with defendant therefor ; that complainant holds under fraudulent conveyances, and denies that he has ever been in possession.

Upon the bill and answer, the parties went to trial. The testimony of the complainant showed that he bought the lot in dispute, with others, in November, 1863, from one Ware, took a bond for titles and paid the purchase money.   He received deeds to eleven, the disputed lot, running back from 1858 to 1833, none of which were recorded or showed any connection with the grantee.   The possession relied upon, consisted of a small pen built about one hundred yards from the line, upon which to claim possession, but which was never used or repaired, and resetting a fence so as to enclose a strip of about one-fourth of an acre over the line adjoining other lands not disputed, and for the same purpose.

The defendant submitted a grant from the state to William Turner to number eleven, this lot, a deed from Turner to Barnett Malcom, deed from John and B. Malcom to John G. Malcom, upon the back of which was a relinquishment by John G. to John Malcom, Sr.—but which relinquishment was ruled out by the court—and a deed from William Malcom, executor of John Malcom, to Peek, the defendant, dated April 22d, 1869, under which he entered possession of the lot, cleared twenty-five acres of land, and has occupied it ever since.

Under the testimony the jury found the complainant the rightful owner of the land, and one hundred and seventeen dollars damages, from which finding a new trial was moved and refused, and the defendant excepted.

1. The material grounds of the motion are: 1. That the verdict is without evidence, contrary to evidence, contrary to law, and contrary to the principles of justice and equity.

2. Because the court charged the jury, that whilst they could not find a perpetual injunction, yet they might find the premises in dispute for complainant or defendant according to the evidence.

3, Because the court charged the jury, if neither party has a legal title, then he who has the prior possession may recover against a mere trespasser, or one who enters without any claim or right.

1. Is the verdict supported by the evidence? The most that can be claimed for the complainant, in our judgment, is, that he had only a color of title to the land in dispute. He had no connection with any grant from the state, no deed which had ever been recorded, no possession except the one-fourth of an acre along the line, and the small pen spoken of; with, indeed, nothing calculated to show dominion over it, or to put others on notice of any adverse possession. Being then without legal paper title, his color and possession would only extend to the boundary actually occupied, and not to the whole tract, even admitting that it did not originate in fraud.

Upon what right then he could reach beyond his actual possession and recover damages for an alleged trespass, committed by one who acquired possession, not by mere entry and without any lawful right whatever, but who shows a grant from the state to Turner, from him to Barrett Malcom, and a deed to himself from William Malcom, executor, etc., under which he entered, we do not clearly see. It is true that there is a break in his chain, but he shows a paramount outstanding title, and that he was not a trespasser.

We think, therefore, that the verdict is unsupported by the evidence and contrary to law.

2. The judge charged as set forth in second ground, that they might find the premises in dispute for the complainant or the defendant, according to the evidence.

The bill in this case was filed to restrain a trespass by an insolvent man and prevent injuries which were irre-

parable, and could not be compensated in damages.   The prayer was for injunction, damages and general relief, but there was none for any decree touching the title, or the ownership of the land.

The prayer for general relief can only authorize and empower the chancellor, where the complainant mistakes his relief in the special prayer, to afford him such other as he may have a right to, *provided it be agreeable to the case made by the bill.*   It could only be used in this case, therefore, to enlarge the right and power of the chancellor in restraining the trespass and recovering the damages, but no further.

3. The last ground of error complained of is, that the judge charged the jury that if neither party had a legal title, then he who has the prior possession may recover against a mere trespasser, or one who enters without any claim of right.

The testimony under our view of it, as set forth in the record, did not authorize this charge, and hence it was error.

Judgment reversed.