## HARRIS *v.* WILLIAMS.

1. A parol contract between the grantee in a deed and another not a party thereto, for mere mutual acquiescence in a given interpretation of its terms, plainly at variance with its only and obvious meaning, under which interpretation such other person would have an interest in the property conveyed, involves the doing of no act capable of enforcement by a decree for specific performance. If in such a case the facts warranted a reformation of the instrument under the provisions of section 3979 of the Civil Code, on the ground that the grantee and the other person claiming a benefit under the deed made an honest mistake, and its effect would operate as a gross injustice to one and give an unconscientious advantage to the other, the remedy would be by an equitable petition for such reformation.
2. Testing the petition now under review by the rule above laid down, it stated no cause of action, and the court was right in dismissing it on demurrer.

Argued December 7, 1897. — Decided January 21, 1898.

Equitable petition. Before Judge Lumpkin. Fulton superior court. March term, 1897.

*H. M. Patty, C. L. Pettigrew* and *J. D. Humphries,* for plaintiff.
*Harrison & Bryan* and *Hoke Smith & H. C. Peeples,* for defendant.

LITTLE, J. By her petition the plaintiff alleges, that in 1883 she purchased and paid a large part of the purchase-money for certain lands situated in the city of Atlanta, and that title thereto was taken in the name of her fourteen-year old daughter, upon a verbal understanding and agreement with the latter that she and her daughter should own an undivided half-interest each in the lands so purchased, so long as both lived, and that upon the death of either, the survivor should own the whole of the property in fee simple; that both of them intended that said deeds should carry out said contract; that both ignorantly believed that the deeds, coupled with their understanding, carried out the said contract, and neither of them in fact knew or intended that the deeds as drawn should do aught else than carry out their said agreement; that neither of them in fact knew what terms were customary or proper in deeds, or what was in said deeds, and each relied on the scrivener to draw the same to carry out their agreement; that petitioner can neither read nor write, and she and her daughter were honestly mistaken as to the legal effect of said deeds at the time of their

execution, and each always supposed, up to the time of her daughter's decease, that should either die, the other should own the remainder in the property as a whole, as survivor; that from the date of the purchase and delivery of the deeds, petitioner held the deeds, and both her daughter and herself, up to the time of the latter's death, remained in joint possession of the property, and enjoyed its uses, rents, issues and profits, in pursuance of said mutual understanding and agreement; and that at various times during the joint ownership and occupancy, petitioner paid out various large sums of money in buildings, and in otherwise improving the property, and in paying taxes and other charges on the same, with the knowledge and consent of said daughter, and in pursuance of said understanding and agreement, which amounts were never repaid to petitioner in part or in whole; further, that her daughter intermarried with Isaac Williams during the year 1890, and died intestate and childless about the year 1893, leaving said Isaac Williams as her sole heir at law, and that as such sole heir Isaac Williams was in possession of the land conveyed by such deeds (copies of which were attached as exhibits to the petition), claiming the same as such heir: wherefore petitioner prayed that the contract between petitioner and her daughter be carried out and enforced; that the title to said property be decreed to be in petitioner in fee simple; that she be put in possession thereof; also, setting up the value of the premises for rent, and the insolvency of Isaac Williams; and praying for the appointment of a receiver. This petition was demurred to generally for want of a cause of action, and specially on several grounds unnecessary here to be set out, for the reason that the facts alleged were not sufficient in law to support the character of action brought.

Under the terms of the deeds, copies of which were attached as exhibits to the plaintiff's petition, the title to the property in controversy was vested absolutely and solely in the plaintiff's daughter. The plaintiff sets up a parol contract or agreement between the daughter and herself that under the deed the property was owned jointly by them. The verbal understanding between them, as outlined by the plaintiff, amounted to no

more than a mere mutual acquiescence in a given interpretation of the terms of the deeds. The agreement itself, as pleaded, involves the doing of no act capable of enforcement by a decree for specific performance. The classes of contracts which may be enforced by this equitable remedy may be reduced to three forms: first, where there is simply a promise to pay money on one side, in consideration of a similar payment or promise to pay on the other; second, where there is a promise to do or to omit some act or acts on one side, in consideration simply of a promise to pay or a payment of money on the other; and third, where there is a promise to do or to omit some act on one side, in consideration of the doing or undertaking to do certain acts, which may, perhaps, include a money payment on the other. In contracts falling within the first class, however, which only call for a pecuniary payment from either party, the legal remedy of a money judgment will always be possible and sufficient, and there will be no occasion for invoking the interposition of equity; so that specific performance is confined to agreements of the two other classes. Pomeroy, Spec. Perf. § 6. In the agreement set up by the plaintiff, there was no undertaking on the part of the daughter either to do or to omit to do any act or thing whatever. The deeds vested the title in the daughter, and there was no undertaking on her part either to have the terms of the deeds changed, or to convey any interest whatever to the plaintiff; in fact, no agreement for any affirmative action of any kind on the part of the daughter. There was a mere understanding on the part of the plaintiff and the daughter that the deeds to the latter vested in the plaintiff a given interest in the property. Such interpretation was plainly at variance with the obvious meaning and terms of the deeds. In actions for specific performance, equity can not make or alter a contract for the parties and then execute it. If the contract must be reformed before it can be executed, it must be done in a suit for that purpose. 22 Am. & Eng. Enc. L. 933, note, and authorities there cited. Consequently, if there was an honest mistake of the law as to the effect of the instruments, on the part of both the contracting parties, and such mistake operates as a gross injustice to one

and gives an unconscientious advantage to the other, in contemplation of the provisions of section 3979 of the Civil Code, upon proper proceedings instituted for that purpose, equity will reform such instruments so as to obviate the evils of such mistake.

It follows that the petition as framed in the present case stated no cause of action, and therefore the court committed no error in dismissing it on demurrer.

*Judgment affirmed.  All the Justices concurring.*