TIFT *et al.,* adm'rs, *v.* WIGHT & WESLOSKY COMPANY.

1. Proof that a customer of a merchant agreed to purchase a certain quantity of seed oats, then in the house of the merchant, at a given price, and that the oats were weighed, set aside, and the customer's name placed on them, and the same charged to him, under an agreement that this should be done, and that the customer should subsequently send and get them, is sufficient, in the absence of anything to the contrary, to establish a completed sale of the oats by constructive delivery. Civil Code, § 3545 ; *Dunn* v. *State,* 82 *Ga.* 27.

2. Whether the contract was void as being within the statute of frauds can not be considered, as no such defense was made on the trial, nor was that question passed on by the trial judge. Such a defense must be specially pleaded. *Johnson* v. *Latimer,* 71 *Ga.* 470.

*Judgment affirmed. All the Justices concurring.*

Argued May 7, — Decided May 23, 1901.

Motion for rehearing denied July 16, 1901.

Complaint.    Before Judge Spence.    Dougherty superior court.
October term, 1900.

*R. Hobbs* and *Wooten & Crosland*, for plaintiffs in error.
*D. H. Pope & Son*, contra.

### MOTION FOR REHEARING.

LITTLE, J.    After the record in this case was considered, the decision of the court was expressed in the foregoing headnotes.    As the questions which were raised were considered plain and well-established, it was not deemed necessary that the principles of law referred to in the headnotes should be elaborated.    Since the delivery of the opinion of the court, counsel for plaintiffs in error have submitted a motion for a rehearing, and we have given to their petition a careful consideration, and in deference to the conviction, which they express in an elaborate brief, that a rehearing should be granted because this "court fell into an unconscious error," we will take occasion, in ruling on this motion, to give some of the reasons which impelled the decision sought to be reviewed. We may, however, say in advance that, in the consideration of the case on its merits, all the questions raised in the motion for a rehearing, as well as some of the authorities cited by the movants, were considered, notwithstanding they did not so fully appear on the brief for the plaintiff in error then as they do now under the motion.    Wight & Weslosky Company instituted an action, under the statute, on an open account, against the administrators of Tift, to recover the sum of $103.25, which it was alleged the defendants' intestate was due it for one barrel of cement and a named quantity of seed oats, of the value alleged, a bill of particulars giving date of the purchase and the value of the several articles being attached to the petition.    The defendants were duly served, and answered the petition, admitting that they were administrators as alleged, and denying that they were indebted to the plaintiff in the sum alleged or in any other sum, or that any such account was due and unpaid, but said that they were not indebted to the plaintiff in manner and form as alleged, either on any account made by the intestate or by themselves.    This general denial was all the defense that was pleaded in bar to the action.    Briefly stated, the evidence of the plaintiff showed that the oats were sold to the defendants' intestate under a parol contract, and by agreement they were

weighed up and set aside for the intestate, and his name placed on them, and they were charged to him on the books of the plaintiff. The evidence for the defendants tended to show that the goods were never delivered, but that intestate bought other oats. On the presentation of the case in this court it was contended that the only legal question involved was whether, under the facts, there was a sale of the oats, and it was insisted that the contract shown was an executory contract, under which no title could pass until executed, and the question was presented in the brief under two heads: first, irrespective of the statute of frauds; and second, as affected by that statute; and as will be seen, each of the points so made was decided adversely to the contentions of the plaintiffs in error, this court ruling, first, that under the evidence the contract for the sale of oats was executed; and second, that whether the contract was or was not void under the statute of frauds could not be considered, as no such defense was made, nor was that question passed on by the trial judge. The motion for review and rehearing is directed to an alleged error incorporated in the second headnote alone; and for that reason we do not again consider the question of law incorporated in the first headnote.

It is admitted that the statute, as a rule, must be specially pleaded, but it is insisted that there are certain exceptions to this rule, within one of which the case at bar comes. It is contended that when the statute is not specially pleaded the validity of the contract sued on may still be raised by demurrer, motion to nonsuit, objection to testimony, or request to instruct the jury; and it is contended that the bill of exceptions shows that this defense was urged on the trial of the case in such a manner as to bring it within the letter and spirit of the exception referred to. The claim that this case comes within an exception to the general rule stated is based on a recital in the bill of exceptions, as follows: "After the evidence closed the said judge called upon defendant's counsel to show cause why a verdict should not be directed for plaintiff. Thereupon defendants' counsel presented to the court and argued, as reasons why a verdict should not be directed," certain propositions of law, among them that "the contract, being only a verbal one, did not, by reason of paragraph 7 of the statute of frauds, bind the defendants, since there had been no acceptance of any part of said oats nor any actual receipt of same, nor had there been any-

thing in earnest or part payment to bind the bargain." After such presentation the court directed a verdict for the plaintiff. Judgment followed accordingly, and a bill of exceptions was taken on which this court rendered the judgment now sought to be reviewed. In the brief now before us it is urged that the case of *Johnson* v. *Latimer*, 71 *Ga.* 470, does not sustain the ruling made in the second headnote. We beg to differ with counsel in this contention. It is true that the ruling made in that case does not go to the extent of holding that as the statute of frauds was not pleaded a new trial should not be granted, but it does go to the extent of holding that where the statute was not pleaded, and no question was made which invoked the ruling by the judge on that subject, a new trial would not be granted, although it appears that the contract sought to be enforced should have been in writing. We know of no reason why the fact stated in the record in this case does not bring it directly under the ruling in the *Johnson* case. The statute cer-. tainly was not pleaded, and, as we view it, there was no question made before the judge which invoked a ruling on the subject as to whether the contract sought to be enforced came within the provisions of the statute of frauds. It is true that when the trial judge called on counsel for the defendant verbally to show cause why a verdict should not be directed for the plaintiff, they did verbally urge that the contract was obnoxious to the statute ; and it is true that, having heard counsel, he then directed a verdict. Why should he not have done so? It was the privilege of these defendants to waive the operation of the statute of frauds, if they chose to do so. Their defenses were only to be adjudged by their pleadings, and verbal statements to the court are not pleadings. I may say, for myself, that I am not at all attached to what is to us a modern doctrine, that of directing verdicts, which now seems to prevail to a great extent in this State; but I am not prepared to go to the extent of ruling that verbal reasons given to the trial judge why he should not direct a verdict in a particular manner call for a ruling on matters of defense which are not pleaded but only stated verbally, nor that his failure to consider defenses so stated presents any question for review by this court. The only question, under such circumstances, which could be considered is whether the court erred in directing a verdict. If the verdict which he directed was demanded by the evidence, then no matter what rea-

sons counsel may or may not verbally have given to the court why this should not be done, they could not have had any effect as a defense to the action.

Our Civil Code, § 2693, par. 7, declares that to make an obligation binding on the promisor, touching any contract for the sale of goods to the amount of $50 or more, it must be in writing, etc. In the case of *Armour* v. *Ross*, 110 *Ga.* 413, touching the necessity of pleading the statute as a defense to a contract of the character above indicated, Mr. Justice Lewis, in rendering the opinion of this court, said: " The promisor can avail himself in such a case of a plea that, the statute of frauds requiring the contract to be in writing, the courts can not enforce a mere oral agreement on the subject. The promisor on the other hand can waive this right, which was evidently intended merely as a personal privilege to him." Mr. Browne, in his work on the Statute of Frauds, § 115 (a), says: " The operation, then, which the statute has upon a contract covered by it, is that no enforcement of the contract can be had, while the requirements of the statute remain unsatisfied, if the party against whom enforcement is sought choose to insist upon this defence; the statute does not make the contract illegal; a contract which was legal and actionable before the statute is legal since, notwithstanding the statute," etc. Again, in the case of *Draper,* *Moore & Co.* v. *Macon Dry Goods Co.*, 103 *Ga.* 663, Mr. Justice Lewis, in delivering the opinion of this court, said: " The defense of the statute of frauds, like that of a plea of usury, is in the nature of a personal privilege, of which the defendant can avail himself or not, as he sees proper." It is urged in the brief, that, where the plaintiff declares only on the *common counts,* the defendant is not called upon to plead the statute, but may avail himself of its protection without pleading it; and it is averred that this suit was upon the common counts, "indebted on open account," etc. In reference to this point we have first to say, that, as the statute of frauds is treated as not affecting the validity of contracts, it is a well-established general rule, that unless the privilege of requiring the statutory evidence, given by it to the party resisting the enforcement of the contract, is sufficiently claimed by him in some proper pleading, the court will proceed with the contract under common-law rules. Browne, Stat. Fr. § 508. Mr. Wood in his work on this subject says, correct practice requires that if a party intends to rely

upon the statute of frauds as a defense, he should set it up either by plea or answer, and in most of the States he *must* do so or he is treated as having waived the defect. ˙ Wood, ,St. Fr. § 537.

The exception which the movant claims is made by the record in this case is thus stated by the last-named author (§ 537): "But this is the rule only in that class of actions where the declaration or complaint sets forth the contract upon which the plaintiff seeks recovery, and has no application in actions of book account or general assumpsit, where the nature of the claim is not set forth, and does not appear until the evidence is actually put in; and in this class of cases the statute may be relied upon in defence, although not raised by any pleadings." Mr. Browne in his work above cited thus states the exception: "Where the plaintiff sues on the common counts, and therefore does not disclose the foundation of his case until he puts in his evidence, . . the defendant will be allowed to insist upon this statutory privilege, although his pleading has not in terms done so." There is, therefore, no difference between the rule insisted on by counsel and that which we recognize as governing this point in the case. In our opinion, however, counsel are entirely at fault in their contention that the action brought in this case was on the "common counts." The principle is this: if the declaration or petition sets forth the contract on which the recovery is sought, then in order to take advantage of the statute it must be pleaded. In such a case the defendant is put upon full notice of the demand of the plaintiff, the character of the demand, and the form in which it exists. But where the declaration or petition is founded upon a common count (and in using the term "common count" common-law pleading is referred to), such as assumpsit for goods sold and delivered, the nature of the claim is not exhibited, and the defendant can avail himself of the statute without formal pleading. For in that case it is not to be presumed that the defendant has notice of the character of the debt which is not disclosed by the declaration. The common count referred to bears no resemblance to the statutory form of an action on an open account under the laws of this State. In the case under consideration the defendant was put upon notice that plaintiff claimed that defendants' intestate was due it a certain sum of money exceeding fifty dollars, for two articles of merchandise bought by the intestate at a particular date, and that the form of indebtedness was an

open account, that is, unliquidated.    To avail themselves of the privilege of the statute in such a suit, the defendant must plead it, or he will be held to have waived it; because the defendant has the personal privilege to plead it or waive it; and if he does not do one he does the other.    He did not plead the statute in this case; and inasmuch as the defense was not made on the trial, or necessarily passed on in a legal way by the trial judge, the question as to whether the contract was void as being within the statute of frauds could not properly have been considered by this court.

*Motion for rehearing denied.    All the Justices concurring.*