## GRANT et al. v. DERRICK.

1. The suit was for specific performance of an alleged contract for the sale of land. The evidence introduced was insufficient to show the existence of a written contract.

2. There was evidence to show a parol contract for the sale of the land, but it was not of such character as to bring the plaintiff's case, which was for affirmative equitable relief, within the rule expressed in the Civil Code, § 4037, and to entitle him to a decree for specific performance.

JUNE 22, 1910.

Action for specific performance. Before Judge Kimsey. Rabun superior court. May 3, 1909.

*J. C. Edwards, Robert McMillan,* and *H. H. Dean,* for plaintiff-in error.

*W. A. Charters* and *W. S. Paris,* contra.

ATKINSON, J. 1. J. H. Derrick instituted suit against James R. Grant to compel specific performance of an alleged contract for the sale of land. It was not alleged in the petition whether the contract was in writing or rested in parol, but on the trial it appeared that there were only two writings relating to the alleged sale. One of them consisted of a memorandum written out by hand, which recited that on the 21st day of September, 1906, the defendant had bargained to sell to the plaintiff the land in dispute, and that the plaintiff was allowed to retain out of the purchase-price the sum of $125 to be applied in discharge of a mortgage on the land. It also recited that the plaintiff was bound so to apply the $125 and to surrender any surplus therefrom (if it was more than sufficient to pay off the mortgage) to the defendant, and that "a lien is created on said land and said property for the said $125.-00; and I hereby waive and renounce all homestead and exemptions for myself and family." The memorandum was signed by the plaintiff, but it did not state the amount of the purchase-price. The other consisted of a typewritten sheet dated September 27th, 1906, which recited that the plaintiff had bought the land in dispute for the sum of $450; and also, that, "whereas W. J. Ramey holds a mortgage on said property for $85.00 principal, which said mortgage has been sued and a plea filed by said Grant disputing the amount claimed to be due thereon, and the litigation thereon is still pending, and I am desirous of protecting myself; now, therefore, I have retained the sum of $115.00 out of the purchase-money of said land for the purpose of protecting myself against

any judgment the said Ramey may obtain against said property, and after the termination of said lawsuit I am to pay off any judgment that Ramey may obtain, and am to pay to McMillan & Erwin, Clarkesville, Georgia, for said Grant, the balance due on the purchase of said land, together with interest at the rate of 8 per cent. per annum on the amount so retained." This writing was also signed by the plaintiff. Neither of the memoranda was signed by the defendant. The defendant admitted in his answer that the memorandum first above mentioned was written by him, but it was also alleged that no agreement was made between the parties, and that the plaintiff refused to sign and deliver the writing. It was also alleged in the answer that after the plaintiff refused to execute and deliver the paper first mentioned, the defendant, by his counsel, prepared "another paper or agreement for $115.00, delivered same to said plaintiff to sign, and said plaintiff refused to sign and deliver same to defendant." The parol evidence showed that the second memorandum was prepared by defendant's counsel, but neither the plea of defendant nor any written memorandum made by him nor any admission which he made on the trial showed that this paper was the paper referred to by the defendant in his answer. These writings, unsigned by the defendant, the person sought to be charged, were insufficient to constitute a written contract obligating him to sell the land.

2. There was evidence of a parol contract for the sale of the land; also evidence of partial payment of the purchase-price; but there was no evidence that the plaintiff had taken possession, or had made valuable improvements, or had made full payment of the purchase-price, accepted by the vendor. The admissions and allegations made in the defendant's plea relative to the two written memoranda which were introduced, either separately or when considered in connection with the plea as a whole, did not amount to an admission of the contract sued on. The plea alleged that there had been negotiations between the parties, but expressly denied that they reached an agreement for sale of the land. The plaintiff did not execute the contract further than as indicated above. Under the provisions of the Civil Code, § 4037, specific performance of a parol contract for the sale of land will be decreed only in two instances. One is where the defendant admits the contract. The other is where it is so far executed by the party seeking relief that

if the contract be abandoned he can not be restored to his former position. Full payment alone, accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, will be sufficient part performance to justify a decree. The plaintiff is seeking affirmative equitable relief, namely, specific performance of a parol contract for the sale of land. It is incumbent upon him to bring his case within the statute. This he has failed to do, and he is not entitled to recover. The judgment of the trial court on demurrer did not conclude the defendant upon the question as to the sufficiency of the evidence to require specific performance. On demurrer the contract was presumed to be in writing, as the law required it to be. *Crovall v. Baker,* 130 *Ga.* 507 (61 S. E. 127). But on the trial the evidence showed affirmatively that it was not in writing. As the evidence was not sufficient to authorize a decree for specific performance, it is unnecessary to deal with the assignments of error based upon exceptions to the charge of the court.

*Judgment reversed. All the Justices concur.*