### 2602. MARKS & POWELL *v.* TALMADGE'S SONS & CO.

1. The defense of statute of frauds is waived unless it is specially pleaded.
2. The defense of statute of frauds can be raised by demurrer to the petition only when the facts alleged in the petition affirmatively show that the contract is oral and that there has not been such performance as to raise an exception.
3. The evidence in this case, taken as a whole, was sufficient to authorize a finding in the plaintiff's favor.

DECIDED JANUARY 24, 1911.

Complaint; from city court of Richmond county—Judge Eve. March 18, 1910.

*Pierce Brothers,* for plaintiffs in error.

*William H. Fleming,* contra.

POWELL, J.    Talmadge's Sons & Co. brought suit against Marks & Powell for the purchase price of a shipment of rice.    The original petition was a simple suit on account, for the price of the goods sold.    The amount involved was more than $50.    The defendants demurred to the petition on several grounds, but chiefly on the ground that the contract for the purchase price of the rice did not appear to have been evidenced in writing or otherwise taken out of the operation of the statute of frauds.    The plaintiffs voluntarily amended by setting up that while the order for the rice was given orally to their broker in Augusta, where the defendants resided, he had communicated the order to them, and they had been instructed to ship the goods to Savannah in the name of the defendants, and that they had so shipped them, and that the goods had been delivered at Savannah.    After the petition was thus amended, the demurrer was overruled.    The defendants then filed their answer, in which they did not plead the statute of frauds, but set up that while they had contracted for the purchase of the rice, they had given the plaintiffs instructions to have it shipped by steamboat to Savannah, and by rail from there to Augusta, and that in disregard of their instructions, it had been shipped by steamship to Savannah and by steamboat to Augusta, and, while being transported from Savannah to Augusta, had been lost on the steamboat; the loss being thus occasioned by a deviation from the specified route of shipment.

We think that the demurrer to the petition was properly overruled.    Certainly it was not good as against the original petition. It is now well settled in this State that the plaintiff, even when suing as to matters requiring written evidence in order to satisfy the statute of frauds, need not in his petition set out the fact of the contract's being evidenced in writing; this being a matter relating to proof rather than to pleading.    If the plaintiff does voluntarily set out his contract and affirmatively discloses that it rests in parol, and that there has not been such performance under it as to satisfy the statute of frauds, the petition is subject to demurrer.    In this case, however, the allegations of the petition and of the amendment

being taken together, while it is disclosed that the contract is oral, it is alleged that there was full performance, that the plaintiffs caused the property to be delivered in Savannah in full compliance with what they were to do under the contract. Hence, there was no error in overruling the demurrer.

2. Passing the demurrer stage of the case, the question of the statute of frauds is eliminated. It is a well settled rule of practice in this State that the defendant waives this defense unless he expressly pleads it. Though there is a physical precedent of the point's being raised by motion for nonsuit in one of the earlier cases in this State (*Denmead* v. *Glass,* 30 *Ga.* 637), it is very doubtful whether this practice has such standing that the point can be so raised, unless as a basis for so raising it the defendant has specially pleaded the statute. Undoubtedly the general rule is that the defendant must specially plead it. *Tift* v. *Wight,* 113 *Ga.* 681 (39 S. E. 503) ; *Miller* v. *Smith,* 6 *Ga. App.* 447 (65 S. E. 292). While in the present case the plaintiffs did move for a nonsuit, it does not appear from the record that the motion for nonsuit was based on any ground relating to the statute of frauds.

Indeed, the defendant in his answer admitted making the contract for the purchase of the rice, and set up as his defense, not that the contract was void for lack of compliance with the statute of frauds, but that the plaintiffs had violated shipping instructions given in connection with the contract. The statute of frauds may be satisfied by an admission made in the pleading, where the party admits the contract and does not, in connection with the admission or otherwise in the pleading, claim the benefit of the statute. *Capital City Brick Co.* v. *Atlanta Ice Co.,* 5 *Ga. App.* 436, 443 (63 S. E. 562).

Beyond this, we are of the opinion that if the contract was as claimed by the plaintiffs (that the rice was to be shipped to Savannah, and not that it was to be delivered to the defendants at Augusta), the exception to the statute of frauds was fully satisfied when the goods were shipped and delivered at Savannah. For it appears from the record that there was a course of dealing by which the steamboat company received for the defendants and transported to Augusta (contrary instructions not being given) such goods as were consigned to them over the steamship lines to Savannah; and these goods were lost in transit on the steamboat

between Savannah and Augusta. It is true that it was held in the case of *Denmead* v. *Glass,* supra, that where the defendant had bought certain goods from the plaintiff, the former being at the latter's place of business at Marietta, and the plaintiff undertook to ship them to the defendant at Albany, without the defendant's having designated the mode of shipment, the delivery to the carrier was not such delivery as to satisfy the statute of frauds. But as. was pointed out by Hill, C. J., in the case of *Casllen* v. *Marshburn,* ante, 400 (69 S. E. 317), there is a different rule of performance where the instruction of the purchaser is for the seller to deliver the goods to a designated carrier for shipment in a specified way.

3. The evidence on the question as to what were the terms of the original contract was conflicting. Under the plaintiffs' evidence, there was no deviation; under the defendants', there was. The jury settled this issue, and this court has no power or inclination to interfere with the function of the jury and of the trial judge as to such matters. *Judgment affirmed.*