## 7915. BRANNEN v. McELVEEN.

JENKINS, J.  1.  This court will not grant a new trial on the ground that the verdict is contrary to law because the contract on which the suit was based should have been in writing, under the statute of frauds, where it appears that such defense was not raised either by plea or demurrer, motion for nonsuit, or objection to testimony, so as to invoke a ruling in the lower court on the subject.  *Johnson* v. *Latimer*, 71 *Ga.* 470 (3); *Tift* v. *Wight & Weslosky Co.*, 113 *Ga.* 681 (39 S. E. 503); *Capital City Brick Co.* v. *Atlanta Coal & Ice Co.*, 5 *Ga. App.* 436 (63 S. E. 562).

2.  Where there was an issue of fact as to whether the defendant under a contract for the purchase of land expressly agreed that a certain recorded fi. fa. which had been obtained against plaintiff and his predecessor in title should be extinguished by the defendant as a part of the purchase-price of the land, and where it appeared that, subsequently to the conveyance of the land by the plaintiff to the defendant under a warranty deed, the fi. fa. was paid off by the plaintiff, it was error for the trial judge to charge the jury as follows: "I charge you this principle of law: that where a man buys property with a recorded execution against it, that he would take it subject to that execution, with or without any understanding to that effect. . . If Mr. Brannen bought this property, and these executions appeared upon the general execution docket of this county, Mr. Brannen would have those executions to pay, regardless of whether or not he agreed to assume them.  Now, he would have them to pay, or he would suffer the consequences of a levy upon the property, the property in dispute."  These instructions were inapplicable and might reasonably have confused and misled the jury; and this is true although the court further charged the jury that the plaintiff in fact relied not upon such legal liability but upon the express contract outside and apart therefrom.

*Judgment reversed.  Broyles, P. J., and Bloodworth, J., concur.*

DECIDED MARCH 19, 1917.

Complaint; from city court of Statesboro—Judge T. L. Hill presiding.  September 6, 1916.

*Strange & Metts,* for plaintiff in error.  *Hunter & Jones,* contra.