438

GILBERT, Justice. 1. Where an equitable petition was filed against two defendants for the enforcement of an alleged contract under which the petitioner was to raze and dismantle certain buildings of one of the defendants, and to sell for it certain materials and machinery therefrom, and receive as compensation a certain percentage on the sales; and it was alleged that after entering into the alleged contract such defendant sold the buildings to the other defendant, and the petitioner sought to have the sale set aside and canceled and to have his alleged contract enforced, it not being alleged that such defendant who bought the property had any connection with the making of the alleged contract between the petitioner and the other defendant or induced the latter to breach the alleged contract with the petitioner, the court did not err, on motion, in striking as a defendant the one to whom the property was sold.

2. The petition as amended in the present case did not set out a cause of action for enforcement of the alleged contract or for damages for breach thereof, the allegations being too vague, indefinite, and uncertain as to any rights or obligations of the respective parties, and the alleged contract being unilateral and incapable of enforcement.

3. Under the allegation that in proceeding under what petitioner relied upon as a valid and binding contract he personally furnished certain pay-roll money in dismantling the buildings and accumulating materials and therein alleged an equity of $1500, of which the owner of the material received the benefit, he was, under his prayer for general equitable relief, entitled to a jury trial on that issue. Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings. *Copeland* v. *Cheney*, 116 *Ga.* 685, 687 (43 S. E. 59); *Pound* v. *Smith*, 146 *Ga.* 431, 435 (91 S. E. 405); *Broderick* v. *Reid*, 164 *Ga.* 474, 483 (139 S. E. 18); *Bernstein* v. *Fagelson*, 166 *Ga.* 281, 287 (142 S. E. 862).

4. Except as to the allegations dealt with in the next preceding headnote, the court did not err in sustaining the general and special demurrers.

5. The case is remanded for a jury trial upon the sole issue as to whether or not the petitioner is entitled to recover from Diamond Match Company, with whom the alleged contract was made, the sum of $1500, or such lesser amount as the evidence shows the petitioner's equity to be in the material dismantled and accumulated as of June 1, 1934.

*Judgment affirmed, with direction. All the Justices concur.*

No. 10959. MAY 12, 1936.

*J. D. Blalock, Henry McAleer,* and *Arthur L. Purvis,* for plaintiff.

*Shelby Myrick,* for defendants.