AVERITT *et al.* *v.* SWAINSBORO METHODIST CHURCH *et al.*

JENKINS, Justice. 1. "A submission [to a common-law arbitration] may be in parol, . . when the matters in dispute do not exceed in value the sum of $500; but all submissions by persons acting as trustees, as above, must be in writing." Code, § 7-104. In so far as the petitioning contractors sought specific performance of the written *award* made

by arbitrators, finding that the plaintiff contractors had failed to properly complete certain items of the church building in question, and estimating the cost of such changes or additions, and specific performance of an alleged collateral agreement that the plaintiffs should have the option of deducting the estimated cost as might be found by the arbitrators from the balance due to the plaintiffs on the purchase-price, or of doing the work themselves, the petition alleging that the plaintiffs had elected to complete themselves the items found in the award by the arbitrators,—the petition sought, at least in part, specific performance of a common-law award, where the matters in dispute exceeded the value of $500, and where also the alleged submission was "by persons acting as trustees." Accordingly, the "submission" must have been in writing.

2. While it is the general rule that upon demurrer, when the question of the statute of frauds, analogous to the statute in this case, arises, the contract will be presumed to have been in writing, and this rule will apply even in a suit for specific performance relating to land (*Crovatt* v. *Baker*, 130 *Ga.* 507 (3), 513, 61 S. E. 127), and that the right to plead the statute is generally waived where the question is not specially pleaded or raised in the trial court (*Tift* v. *Wight Co.*, 113 *Ga.* 681 (2), 39 S. E. 503, and cit.; *Marks* v. *Talmadge*, 8 *Ga. App.* 557, 559, 69 S. E. 1131), such a rule as to waiver does not apply in a suit for specific performance, where the plaintiff, in order to show himself entitled to that remedy, which is not generally granted in cases of parol contracts, must bring himself within the Code, § 37-802, or other recognized exceptions. In such a case, where "the plaintiff is seeking affirmative equitable relief," it is "incumbent upon him to bring his case within the statute;" and if he fails in the trial to do so, and "the evidence [shows] affirmatively that [the contract] was not in writing," the evidence will not authorize a decree for the plaintiff, and such a decree will be reversed merely on general exceptions. *Grant* v. *Derrick*, 134 *Ga.* 644, 646 (68 S. E. 422). Accordingly, where, as in this case, an equitable petition purports to seek specific performance of a common-law award involving disputed matters in excess of $500 in value, and an alleged submission by persons acting as trustees, and where the petition with its incorporated exhibits shows on its face that the submission was not in writing, as required by the Code, § 7-104, this court in passing upon a judgment dismissing the action on general demurrer, including the ground of want of equity in the petition, will not consider the provision of § 7-104, requiring all submissions by trustees and all submissions of disputed matters exceeding $500 in value to be in writing, as waived by a failure to specifically refer in the demurrer to such omission; but will affirm the judgment on the general grounds. Especially will such a principle as to the absence of a waiver be given effect where, as here, the duties of trustees are involved. This ruling being controlling, it becomes unnecessary to determine whether under the Code, § 37-801, which declares that "specific performance of a contract . . will be decreed, generally, whenever the damages recoverable at law would not be an adequate compensation for the non-performance," equity would have jurisdiction to enforce the collateral agreement referred to;

or whether, since the petitioners had already foreclosed their alleged contractors' lien in the city court, they would be relegated to the remedy of there showing, if they could, that they could rectify the defects enumerated in the award at a cost less than that estimated by the arbitrators. See *Williams* v. *Jay*, 173 *Ga.* 372, 374 (160 S. E. 426); *Farmers Loan Co.* v. *Candler*, 92 *Ga.* 249 (2), 253 (18 S. E. 540).

*Judgment affirmed. All the Justices concur.*

No. 13190. MAY 17, 1940. ADHERED TO ON REHEARING, July 9, 1940.

552

D. C. Jones, Alfred Herrington Jr., Oliver & Oliver, and F. B. Davis, for plaintiffs.

I. W. Rountree, A. S. Bradley, and Price & Spivey, for defendants.