DECK *v.* DECK *et al.*

*Rosser & Rosser* and *Wright, Willingham & Fullbright,* for plaintiff in error. *Maddox & Griffin,* contra.

JENKINS, Justice.  C. A. Deck, J. C. Deck, and Cecil Wellborn, together with W. L. Deck and Mrs. Mabel T. Anderson, brought suit for land and for mesne profits against Miss Nettie Deck.  A verdict was directed in favor of the three first-named plaintiffs and against the two last-named plaintiffs.  The question of mesne profits was then submitted to the jury, and a verdict in a named amount was rendered for the three plaintiffs in whose favor a verdict had been directed.  Miss Nettie Deck filed a motion for new trial against C. A. Deck, J. C. Deck, and Cecil Wellborn, who had prevailed in the trial court; and on her exceptions to the refusal of a new trial the judgment against Miss Deck was affirmed by this court.  *Deck* v. *Deck,* 193 *Ga.* 739 (20 S. E. 2d, 1).  W. L. Deck and Mrs. Mabel T. Anderson, the two plaintiffs against whom a verdict had been directed in the first trial, filed a separate motion for new trial, which was refused; and this court, in deciding the two cases together, reversed the judgment of the trial court.  On the second trial, dealing only with the title and mesne profits claimed by W. L. Deck and Mrs. Anderson, on whose writ of error the refusal of a new trial had been reversed, these plaintiffs, over objection, introduced the same muniments of title as in the previous trial; but they sought to prove and were allowed to prove the amount of mesne profits only by the introduction of the verdict and decree, rendered a year before, for a named amount in favor of the three co-plaintiffs who had prevailed in the previous trial and the court refused to permit the defendant Miss Nettie Deck to contradict the same.  Upon the introduction of the evidence as to title and mesne profits, the court directed a verdict in favor of the two remaining plaintiffs who had failed to recover in the previous trial; the increased amount of mesne profits being apparently calculated on the same basis as the amount previously rendered in favor of the other three plaintiffs, but covering an additional year of time.  *Held:*

1.  The court did not err in admitting in evidence the deed, forming the basis of the plaintiffs' title, from Mrs. Laura F. Jackson to Mrs. Alice A. Deck, in which, as was held when this case

was last before us, a conveyance was made of the life-estate to Alice A. Deck, "with remainder over at her decease to the heirs of her body," of which the present plaintiffs constitute two children. There is no merit in the ground of objection that the deed was inadmissible because no consideration is recited in the deed, since it appears that the deed recites on its face, and the grantee agrees by a written statement entered on the back, that it was given for the purpose of correcting what might have been a mistake in a previous conveyance, so as to make plain the original intention of the grantor to convey only a life-estate to Mrs. Alice A. Deck, with remainder over to her children. Such being true, and all parties having an interest in perfecting the true intent of the parties to the deed, the consideration in the previous deed, which is set forth as constituting the consideration of the second deed, would operate to support the second conveyance; and no further consideration, other than to make clear the original intention and to correct a possible error in the original instrument, was required.

2. As to the title of the present plaintiffs, their evidence being the same as in the previous litigation, and nothing else appearing to militate against the same, the ruling made in the previous decision became the law of the case, as distinguished from res judicata; and the plaintiffs were entitled to recover their interests in the land as sued for, together with such mesne profits as they could prove.

3. The introduction of the record of the litigation in the year 1889, which has been set forth in the previous adjudication of this case, even though irrelevant under the effect of the previous ruling of this court, could have worked no possible injury to the defendant; and therefore its admission over objection does not constitute reversible error.

4. On the previous trial, after a verdict was directed in favor of the other three plaintiffs as to their claim of title, and a verdict was directed against the present two remaining plaintiffs as to their claim of title, the question of mesne profits as to the other three plaintiffs was determined by the jury in a named amount; but no recovery, of course, was had for mesne profits by the present two plaintiffs, against whom a verdict as to title had been directed. On the second trial, after the reversal of the direction of a verdict against the present two plaintiffs as to title, they sought after

proving title, to recover mesne profits by merely proving the amount which had been recovered by the other three plaintiffs, under the rule of res judicata. The court admitted this evidence, and excluded evidence for the defendant in contradiction of such value of the mesne profits, and directed a verdict for mesne profits based upon the previous verdict. No recovery of mesne profits having been had by the present plaintiffs in the previous trial, upon the de novo trial of the case it was incumbent upon them not only to prove their title, which they did, but also to prove the value of any mesne profits to which they were entitled. *Bourquin* v. *Bourquin,* 110 *Ga.* 440 (6), 448 (35 S. E. 710) ; *Walker* v. *Jones,* 139 *Ga.* 508 (2) (77 S. E. 628). Especially would such a rule appear to be required in this case, since it is by no means true that the amount of mesne profits would remain the same from year to year; and the basis of recovery had by the other three plaintiffs could not possibly be said to extend over the period of the year intervening between the two trials.

(a) It has been held that "where, in an action at law to recover a certain sum alleged to be due on several items of indebtedness, a verdict is rendered for the plaintiff in a stated sum . ., and a new trial is granted on certain grounds of the motion which relate to some of the particular items of indebtedness, and refused as to others, the court is without power, in ordering a new trial, to restrict the case to the issues bearing on the items of indebtedness referred to in the grounds of the motion upon which a new trial is granted, to the exclusion of other issues made by the pleadings." *Walker* v. *Jones,* supra. This court, however, is "authorized to make a final disposition of a case, and to give it such direction as is consistent with the law and justice applicable to it, and as will prevent the unnecessary protraction of litigation." *Mell* v. *Mell,* 190 *Ga.* 508 (2), 513 (9 S. E. 2d, 756); *U. S. F. & G. Co.* v. *Clarke,* 187 *Ga.* 774, 793 (2 S. E. 2d, 608), and cit.; and since the error on the proposition relating to mesne profits could not possibly have had any effect upon the jury in their necessary finding in favor of the plaintiff's title, it is ordered that the case be remanded to the court below on the one issue of determining the question of any mesne profits to which the plaintiffs might be entitled.

*Judgment reversed, with direction.* *All the Justices concur, except Reid, C. J., absent because of illness.*