TAYLOR *et al. v.* CURETON.

No. 14505.   MAY 7, 1943.

*Gleason & Painter*, for plaintiffs.

*McClure, Hale & McClure*, for defendant.

JENKINS, Justice.   ■   This was a suit by a husband and wife, for specific performance of an alleged promise by the defendant to execute to them a deed to three acres of land, under his alleged recognition and desire to correct an alleged mutual mistake in a previous deed from the plaintiffs to the defendant, which included the three acres in addition to five acres intended to be conveyed. While the evidence was in conflict as to whether the three acres were included by intention of all parties, or by a mutual mistake, and in conflict as to whether the defendant made the subsequent alleged promise to reconvey this land, it was undisputed that such a promise, if made, was not in writing. The evidence also failed to show any possession or valuable improvement made by virtue of the alleged promise. The court directed a verdict for the defendant, and the plaintiffs excepted.

The Code, § 37-802, provides:  "The specific performance of a parol contract as to land shall be decreed, if the defendant admits

the contract, or if it be so far executed by the party seeking relief, and at the instance or by the inducements of the other party, that if the contract shall be abandoned he can not be restored to his former position. Full payment alone accepted by the vendor, or partial payment accompanied with possession, or possession alone with valuable improvements, if clearly proved in each case to be done with reference to the parol contract, shall be sufficient part performance to justify a decree." As to promises unsupported by a valuable consideration, § 37-804 provides: "Specific performance will not be decreed of a voluntary agreement or merely gratuitous promise. If, however, possession of lands has been given under such agreement, upon a meritorious consideration, and valuable improvements made upon the faith thereof, equity will decree the performance of the agreement." Thus, under these codified equitable principles, where the seller denies any agreement or promise to convey the land to another, the alleged promisee may have specific performance, by showing either an oral contract which is based on a valuable consideration or an oral promise which is not merely gratuitous, but based on a meritorious consideration, if he proves both possession and valuable improvements made on the land. However, under either kind of consideration, where possession and valuable improvements are relied upon, they must have been by virtue of and on the faith of the oral contract or promise, so as to take the case out of the statute of frauds and constitute the equivalent of a writing by showing acts unequivocally referring to the alleged contract or promise. The burden rests on the alleged promisee to bring his case within these facts, if he does not show other exceptions under § 37-802; and without such proof he is not entitled to specific performance. *Milton* v. *Milton,* 192 *Ga.* 778, 780 (16 S. E. 2d, 573), and cit.; s. c. 195 *Ga.* 130 (23 S. E. 2d, 411); *Neely* v. *Sheppard,* 185 *Ga.* 771, 777, 780, 787 (196 S. E. 452), and cit.; *Black* v. *Black,* 15 *Ga.* 445 (4), 450; *Hudson* v. *Carmichael,* 181 *Ga.* 317 (2), 320 (181 S. E. 853); Code, §§ 20-401(4), 20-402; Pomeroy's Specific Performance of Contracts (3d ed.), §§ 123-127.

Assuming in the instant case that the alleged recognition by the defendant as to the existence of a mutual mistake in the previous deed from the plaintiffs was a sufficient "meritorious consideration" under the Code, § 37-804, to support his alleged promise to

reconvey the erroneously included three acres (see *Deck* v. *Deck,* 195 *Ga.* 404, 24 S. E. 2d, 303; *Trustees of Jesse Parker Williams Hospital* v. *Nisbet,* 189 *Ga.* 807 (2), 812, 7 S. E. 2d, 737, and cit.; Code, §§ 20-301, 20-303), nevertheless, under the plaintiffs' evidence, the defendant's alleged promise, which he denied, was not in writing; and there was no evidence as to any possession or valuable improvement made by virtue of the alleged promise. The only possession shown by the plaintiffs was one that merely continued their occupancy of the premises under their own alleged prior and superior claim of title, and not under any promise of the defendant to reconvey.

The rule just stated is not affected by what would be the rule in a suit for reformation of a deed on account of an alleged mutual mistake. In cases of that nature, it has been held that a failure of the plaintiff to read the deed before delivery will not preclude the remedy of reformation where there has been a mutual mistake. *Dover* v. *Burns,* 186 *Ga.* 19, 28 (196 S. E. 785), and cit. As to the application of the principle where fraud is involved, see *Bentley* v. *Barlow,* 178 *Ga.* 618 (173 S. E. 707), and cit. Since, however, the present suit is plainly one for specific performance of an alleged promise to convey a parcel of land, which, as the plaintiffs contend, was by mutual mistake included in a previous deed from the plaintiffs to the defendant, and which, as contended, the defendant afterwards orally promised to reconvey in order to rectify the previous mistake, and since the present suit is not one to reform the previous deed on account of the alleged mutual mistake, the rule first stated as to the specific performance of an oral promise controls, and the rule making the reading of an instrument unnecessary in a case of mutual mistake has no application.

■ While it is the rule that "where the statute of frauds was not pleaded, and there was no demurrer, motion for nonsuit, or objection to testimony, so as to invoke a ruling in the court below on that subject, this court will not grant a new trial on the ground that the verdict is contrary to law because it appears that the contract sought to be enforced should have been in writing" (*Johnston* v. *Latimer,* 71 *Ga.* 470 (3), 475, and cit.; *Bridges* v. *Williams,* 148 *Ga.* 276, 96 S. E. 499), and that the right to plead the statute is generally waived where the question is not specifically pleaded or raised in the trial court (*Tift* v. *Wight & Weslowsky Co.,* 113

*Ga.* 681 (2), 39 S. E. 503, and cit.; *Marks* v. *Talmadge,* 8 *Ga. App.* 557, 559, 69 S. E. 1131), "such a rule as to waiver does not apply in a suit for specific performance, where the plaintiff, in order to show himself entitled to that remedy, which is not generally granted in cases of parol contracts, must bring himself within the Code, § 37-802, or other recognized exceptions. In such a case, where 'the plaintiff is seeking affirmative relief,' it is 'incumbent upon him to bring his case within the statute;' and if he fails in the trial to do so, and 'the evidence [shows] affirmatively that [the contract] was not in writing,' the evidence will not authorize a decree for the plaintiff, and such a decree will be reversed merely on general exceptions." *Averitt* v. *Swainsboro Methodist Church,* 190 *Ga.* 549 (2), 550 (9 S. E. 2d, 888); *Grant* v. *Derrick,* 134 *Ga.* 644, 646 (68 S. E. 422). Nothing to the contrary was ruled in other decisions of this court, which were distinguished in *Lyons* v. *Bass,* 108 *Ga.* 573, 579 (34 S. E. 721).

■ The only special prayer in this petition is for specific performance of the alleged promise of the defendant to reconvey to the plaintiffs the three-acre tract, which they contended had been included by mutual mistake in their previous deed conveying another tract of five acres to the defendant. There is a prayer for general relief, but no prayer or reference to reformation of the previous deed. The suit as stated, was plainly one for specific performance, asking for enforcement of the subsequent promise. The bill of exceptions brought by the plaintiffs, from the direction of a verdict against them and the refusal of a new trial, designates their petition as one "to require the specific performance of the contract and the execution of a deed by the defendant to the plaintiffs, conveying [the parcel of three acres], and praying for other equitable relief." The motion for new trial complains of the direction of a verdict against them only in general terms, without referring to reformation of the original deed. Neither in the bill of exceptions nor in the motion for new trial is there any complaint that the direction of the verdict for the defendant was erroneous because the court should have submitted the issue of reformation to the jury. There is no such contention in the brief for the plaintiffs, although principles and cases are stated that relate to mutual mistake.

In this state of the record and the absence of any pleading or

contention as to a reformation, should the judgment be reversed, on the theory that the plaintiff's evidence as to a mutual mistake in the original deed, prior to the parol promise sought to be specifically performed, raised a jury issue on the question of reformation, and that the prayer for general relief entitled the plaintiffs to reformation, although the only specific prayer was one for specific performance?

"Under a general prayer in an equity case, the plaintiff may have such relief as is consistent with and entirely within the scope of the pleadings" (*Monroe* v. *Diamond Match Co.*, 182 *Ga.* 438 (3), 185 S. E. 814) ; but "where a specific prayer in an equitable petition is followed by a prayer for general relief, the plaintiff is not entitled under the latter to any relief which is not consistent with the case made by the petition and with such specific prayer." *Hairalson* v. *Carson*, 111 *Ga.* 57, 59 (36 S. E. 319); *Peek* v. *Wright*, 65 *Ga.* 638 (2), 642; *Butler* v. *Durham*, 2 *Ga.* 413 (3), 420. Thus, where the only special prayer is for specific performance, "the plaintiff is not entitled, under the prayer for general relief, to any relief which is not consistent with the case made by the petition and germane to its prayer for specific performance." *Rosenkrantz* v. *Chattahoochee Brick Co.*, 147 *Ga.* 730 (2), 732, (95 S. E. 225). See also *Harris* v. *Williams*, 103 *Ga.* 324 (29 S. E. 929). There are also certain general rules of equity pleading, recognized in most jurisdictions, that under a general prayer only such alternative or additional relief may be sought as rests upon averments set forth in the bill for the purpose of showing a claim to that particular relief, and not for the "mere purpose of corroborating plaintiff's right to the specific relief prayed;" that "purely ancillary relief will not be granted under a prayer for general relief where the main relief is denied (30 C. J. S. 1004, § 607(b), and cit.) ; and that a plaintiff, under a general prayer, will not be granted relief which would "surprise or prejudice [the] defendant and preclude him from fairly defending" against such relief. 30 C. J. S. 1004, § 607(b) ; 19 Am. Jur. 181, 182, § 227; and cit. in those texts.

Under these rules, it does not appear that reformation of the original deed was "germane" to the specific performance of the subsequent oral promise to reconvey part of the land included in the deed. If reformation had been prayed and granted, the deed

as reformed would have afforded full relief, without the necessity of any additional deed or decree of specific performance of the alleged subsequent promise to reconvey. On the other hand, if specific performance of such alleged promise were granted, it would wholly obviate any necessity for reformation of the previous deed. The two ideas are thus inconsistent and antagonistic. Accordingly, and especially in the absence of anything in the record showing any pleading or contention in the trial court, or even any exception taken by the plaintiffs, on the ground that they were entitled to a reformation of the original deed, the direction of the verdict for the defendant can not be reversed on the theory that there was evidence for the plaintiffs, which, though contradicted, entitled them to a jury finding as to whether there was a mutual mistake in the original deed and as to whether such deed should be reformed because of such a mistake.

*Judgment affirmed. All the Justices concur.*