UNITED STATES v. 340 ACRES OF LAND IN RICHMOND COUNTY, GA., et al.

SAME v. 6.28 ACRES OF LAND IN RICHMOND COUNTY, GA., et al.

Nos. 195, 172.

District Court, S. D. Georgia, Augusta Division.

Feb. 25, 1944.

S. K. Funkhouser, Sp. Asst. to Atty. Gen., J. Saxton Daniel, U. S. Atty., and Chas. D. Russell, Sp. Asst. to U. S. Atty., both of Savannah, Ga., and Cecil R. Hall, Sp. Asst., Dept. of Justice, of Augusta, Ga., for plaintiff.

Henry G. Howard and Lee, Congdon & Fulcher, all of Augusta, Ga., for defendants.

LOVETT, District Judge.

These are condemnation cases. The first taking was under civil action No. 172, and was of 6.28 acres. Later civil action No. 195 was filed, and 340 acres more were taken. Both parcels were the property of Forest Hills Hotel, Inc., and were adjacent. A winter tourist hotel stood on the land, some of which was devoted to a golf course, garage, stables and to highly improved gardens or grounds. By consent the two cases were tried together with separate verdicts in each case.

On the opening of the trial the court inquired of condemnor's counsel what values were alleged by the pleadings and was informed the government alleged a value of $350,000 in No. 195 and that an amendment would be offered during the

trial alleging a value of $9,225 in No. 172. The amendments were never presented. The condemnee's values in the pleadings were respectively $1,114,000 and $32,000.

The trial was lengthy, consuming four days. When evidence as to the larger tract (on which the hotel was constructed) had been completed by the condemnor and the government rested in chief, inquiry was made of counsel if they desired to reserve the right to put in evidence as to the value of the other parcel, upon the conclusion of condemnee's testimony touching the larger parcel, and the reply was in the affirmative. Government's counsel stated, however, in that connection that the witnesses who had already testified had taken into consideration "the entire plant", but that supplementary witnesses later would try to carve out the little segments, meaning thereby, as the court then understood, that when all of the evidence relating to the larger parcel was in and both sides rested as to that civil action, further evidence would be submitted as to the value of the small parcel, and a breakdown would be furnished as to it because the small parcel consisted of certain timber of value and certain land on which the hotel stables and garage were located.

During the course of the trial, and while condemnee was offering testimony concerning the value of the larger parcel, its counsel asked if it would be appropriate at that time to submit evidence as to the value of the smaller parcel, stating he was in doubt as to the court's wishes about the continuity of the introduction of testimony. Having in mind that condemnor's evidence of values previously offered related to the "entire plant", and was given en bloc for both parcels, including timber taken, the court suggested a recess and conference with counsel in chambers. At the conference, counsel for both sides present, the court suggested an over-all verdict to be orally announced by the jury for the two parcels and timber as a unit, and that counsel might then agree as to an apportionment between the two civil actions, as it seemed of no consequence how the apportionment might be made since all of the compensation to be paid would go to the single owner. To this suggestion all counsel acceded, though without prejudice to either side. There was no thought of verdicts or a verdict by consent in the mind of the court; the consent related to the

purely mechanical or mathematical method of apportionment.

Near the close of the evidence, and when condemnee had completed its testimony, government's counsel arose and the following colloquy took place:

"Mr. Russell (of government's counsel): If the court pleases, do we have to offer testimony as to the other tracts (referring to the smaller parcel)?

"Court: I thought we had agreed on yesterday (at the conference in chambers) they were consolidated.

"Mr. Russell: Is that the understanding of the defendant?

"Mr. Howard (of condemnee's counsel): yes, that is our understanding.

"Mr. Russell: Then we are content to close, your Honor * * * I did not know about that."

The court was inaccurate in saying the two actions had been "consolidated". Technically, that was not true. No order of consolidation had been entered. It would have been more precise to say it had been agreed the jury might orally return an over-all verdict in one lump sum to cover both cases and an apportionment would thereafter be made by counsel and two verdicts in the usual form would then be taken. Though starting out in a different way it had come about that evidence of the value of the two parcels had been offered by the government as a unit, and by the owner sometimes as a unit and sometimes separately; but the usual practice in this court of concluding all of the evidence relating to value of one parcel before hearing evidence of another (where several cases are heard together by one jury by consent) had not been followed.

The court instructed the jury that the minimum verdict they might return in the two cases, to be orally announced, was $350,000, forgetful for the moment of the fact that the $350,000 set up by the government in the pleadings was alleged to be the value of the larger parcel only, and that it had been stated in open court at the threshold of the trial an amendment would be offered alleging a value of $9,225 of the other parcel and timber, and unaware the amendment had not been submitted or formally allowed and unaware also that the government's pleadings as they then stood alleged no value at all of the smaller parcel or land and timber. Had the court been

more diligent or attentive to the state of the pleadings, it might have been that the opening and conclusion of the arguments of counsel, insofar as they discussed the smaller parcel of land and timber, would have been differently arranged. Cf. United States v. Savannah Shipyards, Inc., 5 Cir., 139 F.2d 953. Obviously, the instruction was erroneous. The instruction should have been either that $359,225 was the over-all minimum or that $350,000 was the minimum for the larger tract and there was no minimum for the smaller and the timber, though some value should be placed on them. Neither side, however, excepted. The court erroneously had received the impression that $350,000 was the value alleged by the government of the two parcels with the timber included. It turns out that was not so.

Shall new trials be granted for this error?

■ If the Federal Rules of Civil Procedure were applicable to these cases I would have no hesitancy in allowing the government to now amend the pleadings and allege $350,000 to be just compensation for all of the property taken in both actions. See Federal Rules of Civil Procedure, 15(b), 28 U.S.C.A. following section 723c. But they are not. F.R.C.P. 81(a) (7). I say this because I am sure the jury understood—as I did—that they should find a verdict representing the market value of all of the property taken; the case was tried on that theory, just as though the pleadings had been amended; and it is unfortunate they were not.

■ If I am governed under the Conformity Act (40 U.S.C.A. § 258) by the procedural laws of Georgia, the court's authority does not extend to permitting subsequently to judgment (or verdict) additional pleadings to be filed which would materially change the pleadings on which the judgment was rendered. Nickerson v. Porter, 189 Ga. 671(1), 673, 7 S.E.2d 231.

■ Nor can I order the verdict amended so as to make it apply to Civil Action No. 195 only (the larger parcel), and order a new trial as to the smaller parcel only; and for several reasons. First, while in Georgia verdicts may be amended as to form after the jury disperses, they may not be so amended as to matters of substance. Ga.Code, Sec. 110-111. Secondly, where the amount of damages or compensation to be fixed by a jury is unliquidat-

ed, as here, the court may not order a new trial and restrict the issues to the value of a single item or some of several items in controversy. Walker v. Jones, 139 Ga. 508(2), 77 S.E. 628; Deck v. Deck, 195 Ga. 404, 407, 24 S.E.2d 303. If an excessive verdict in a case of unliquidated damages is not susceptible of correction by reducing the amount (see Central of Georgia Ry. Co. v. Perkerson, 112 Ga. 923, 930 et seq., 38 S.E. 365, 53 L.R.A. 210), a fortiori one that can not be said by me to be inadequate should not be corrected by indirectly increasing it. Lastly, it would be unfair to the government to say that consent must be given to make this verdict apply to Civil Action 195 only as the price of refusing a new trial in that case, for I have no assurance or right to believe that on another trial of both cases the second jury may not do as the first, and fix the compensation in both cases in sums that will not aggregate more than $350,000.

It may be under the doctrine of United States v. Kennesaw Mountain Battlefield Ass'n, 5 Cir., 99 F.2d 830, I have the authority to order the amount of the verdict increased as a condition to the refusal of a new trial. Though, of course, I recognize the authority, I am unable to see why an increase by the court of the amount of a jury's verdict does not invade their province in a condemnation case of this kind, where a jury trial fixing just compensation is required (40 U.S.C.A. § 258; United States v. Federal Land Bank, 8 Cir., 127 F.2d 505, 506; Ga.Code, Sec. 36-601), in the same way that an increase in a suit at common law has been held to do. See Dimick v. Schiedt, 293 U.S. 474, 55 S.Ct. 296, 79 L.Ed. 603, 95 A.L.R. 1150. The only difference apparent to me is that in the latter case a jury trial is guaranteed by the Constitution while in the former it is guaranteed by an Act of Congress and an Act of the State. The difficulty however, is how much shall the additur be. Government's counsel now say they intended to withdraw the statement concerning a value of $9,225 for the timber and the small parcel of land. Condemnee's counsel insist the only evidence to be considered on this point is their own (the government having offered none) and that their proof showed a value of $14,500 exclusive of the timber, proof of the value of which neither condemnor nor condemnee offered. The evidence as to the value of the timber and small parcel of land taken is too vague and

unsatisfactory to me to serve as the basis of an increase of the verdict. I would be merely hazarding an uninformed guess. This I am unwilling to do.

Then what may be done? I see nothing else but to order a new trial of both cases, for they were not tried according to the pleadings, unless it be that the condemnee is estopped by failure to except to the court's instructions.

The condemnee was entitled to have these cases tried on the pleadings as made and filed or according to the admissions of the parties in judicio. Confessedly, this has not been done. Counsel and court are all to blame, perhaps the court more than counsel, as it would have been an easy thing to examine the pleadings in detail before charging the jury. The verdict has been called a judicial casualty. It might be more meaningful (and disciplinary) to characterize it as the product of the joint and concurring negligence of court and counsel. By either name, it should not be allowed to stand. I feel that justice may be better served by having all the issues tried anew.

 .That condemnee's counsel failed to except to the erroneous charge is not controlling, for this court, somewhat unlike a court of review, in the exercise of its discretion, may grant a new trial if convinced of harmful error though no exception was taken on the trial. United States v. Trollinger, 4 Cir., 81 F.2d 167 (8), 169; Texas Co. v. Brilliant Mfg. Co., 3 Cir., 2 F.2d 1, 3.

The other grounds of the motion for new trial are without merit.

New trials are ordered in both cases.