FERGUSON-McKINNEY COMPANY *v.* WHITLEY & GREER.

Opinion delivered January 8, 1923.

1. FRAUDS, STATUTE OF—ACCEPTANCE OF GOODS.—Where goods were ordered from a salesman, who made a memorandum of the order, not signed by the buyer, who was to have a right to cancel the order if he saw fit, but there was no cancellation prior to shipment of the goods, which were received by the buyer's clerk having authority to receive shipments there was such an acceptance as to take the case out of the operation of the statute of frauds (Crawford & Moses' Dig., § 4864).

2. FRAUDS, STATUTE OF—DELIVERY TO CARRIER NOT ACCEPTANCE.—The mere delivery of goods by the seller to a carrier does not constitute such an acceptance as will take the case out of the operation of the statute of frauds, which requires some affirmative act on the part of the purchaser constituting an actual acceptance of the goods.

3. APPEAL AND ERROR—QUESTION NOT SUBMITTED TO JURY.—Where, in action to recover for goods sold, an issue as to the cancellation of the contract, not submitted to the jury, will not be determined on appeal.

Appeal from Conway Circuit Court; *J. T. Bullock,* special judge; reversed.

*Rogers, Barber & Henry,* for appellant.

The memorandum signed by appellees is sufficient to rebut their contention that the order was not signed by them. Accepting the goods from the express company, keeping them four days and then reinvoicing them back to appellant for credit, worked such an acceptance as to

put the case out of the statute of frauds. The memorandum may be signed subsequent to the making of the contract. 27 C. J. p. 263. It was complete. 27 C. J. 267.

*Edward Gordon,* for appellee.

The memorandum does not embody any of the essential elements of the contract, and is not sufficient to satisfy the requirements of the statute of frauds. 45 Ark. 17. See also 27 C. J. 265 D, and 27 C. J. p. 267 (4).

McCULLOCH, C. J. This is an action instituted against appellees by appellant to recover on an account for merchandise alleged to have been sold and delivered. The account was for $132.56, the price of a bill of goods verbally ordered by appellees, and they pleaded, among other defenses, that the oral contract was void under the statute of frauds, which provides that a contract for the sale of goods, etc., for a price in excess of thirty dollars, shall not be binding unless "there be some note or memorandum signed by the party to be charged; or, second, the purchaser shall accept a part of the goods so sold, and actually receive same; or, third, shall give something in earnest to bind the bargain, or in part payment thereof." Crawford & Moses' Digest, § 4864.

Appellees also plead that the goods were purchased on an agreement that the order might be canceled under certain conditions.

After the testimony was introduced, the court submitted the issues to the jury on the sole question as to the statute of frauds, and in the instructions given the jury was told that "while the goods may have been delivered out of the common carrier in the defendant's house of business, yet if he didn't intend to receive them and complete the contract by receiving the goods, that was not receiving or delivery of the goods to him in contemplation of the contract."

The facts relating to the delivery and acceptance of the bill of goods are undisputed. Appellant was engaged in the wholesale business in the city of St. Louis, and Mr. Whitley, one of the appellees, gave the order ver-

bally to one of appellant's salesmen in the St. Louis sales-room. The salesman made a memorandum of the order and turned it over to the shipping department, but the memorandum was not signed by appellees. Mr. Whitley testified that there was an agreement between him and the salesman that he should have a right to cancel the order if later he found a satisfactory line of goods at lower prices. There was, however, no cancellation of the order prior to the shipment, and the goods were billed out and shipped by express to appellees at their place of business in Arkansas. Mr. Whitley bought goods of this kind from another concern, but, as before stated, neglected to exercise the reserved right of cancellation, and he also neglected to inform his partner and the employees of the fact that he had made the purchase from appellant. When the shipment arrived Mr. Whitley was absent from the store, and during his absence one of the employees of appellee firm who customarily received goods delivered by the carrier, and whose duty it was to do so, accepted the shipment and paid the charges of the carrier.

A few days later Whitley directed the return of the goods to appellant, and they were reshipped, and the return charges were paid. Accompanying the reshipment appellees made out an invoice on one of their own bill-heads of the goods returned, and the following statement was written at the bottom and signed by appellees: "We were of the opinion that we had canceled this order. We found a real dress line we liked, so we are returning the dresses express for credit, if you please."

There being no memorandum of the purchase signed by appellees, the contract was within the statute of frauds, and, unless it was taken out of the operation of the statute by acceptance and actual receipt of the goods, there can be no recovery on the contract.

There is some contrariety of opinion in both English and American cases as to what constitutes acceptance and actual receipt of goods purchased under oral contract

sufficient to take the contract out of the operation of the statute of frauds. It is, however, very generally held by the court that the mere delivery of goods by the seller to a public carrier does not constitute such an acceptance by the purchaser as would take the case out of the operation of the statute. The reason given for this is that the statute requires some affirmative act on the part of the purchaser which constitutes an actual acceptance of the goods. 25 R. C. L. 620; *Maxwell* v. *Brown,* 39 Me. 98; *Caulkins* v. *Hellman,* 47 N. Y. 449; *Denmead* v. *Glass, Laws & Co.,* 30 Ga. 637; *Jarrell* v. *Young,* 105 Me. 280.

Each of the cases cited above contains a thorough discussion of the subject and throws much light upon it. Some of the cases hold that the actual taking possession of the goods by the purchaser will not, under all circumstances, constitute an acceptance within the meaning of the statute. One of the cases on that subject is the New York case cited above, in which the opinion was written by Mr. Justice RAPALLO. It was held that where the goods were taken into possession by the purchaser from the carrier it was competent to prove, as a part of the *res gestae,* the sending of a telegraphic message by the purchaser to the seller at the time the goods were received and opened which showed that there was no intention to accept the goods in consummation of the sale. Giving full recognition, however, to the rule thus announced by many able judges, we think that the facts of this case constitute such an acceptance as took the case out of the operation of the statute of frauds.

It is undisputed that the goods were actually delivered by the carrier to an agent of appellees, who was authorized to receive and accept shipments of goods. The freight charges were paid, and appellees rebilled and reshipped the goods, with the statement that they were doing so in the exercise of their right of cancellation. The letter of appellees which accompanied the shipment shows that they were not refusing the goods because they had been shipped without authority, but were doing so

under their right of cancellation, which they claimed to have·under the terms of the contract.

We are of the opinion therefore that the court erred in submitting to the jury the question whether or not the contract was within the operation of the statute of frauds. There was a conflict in the testimony . as to whether there was any right of cancellation reserved in the contract, and we cannot pass upon that question, for the reason that it was not submitted to the jury. .

For the error in submitting the issue indicated above, the judgment is reversed, and the cause is remanded for a new trial.